SAUL EWING LLP
*A Delaware LLP*
750 College Road East, Suite 100
Princeton, New Jersey 08540
Telephone: 609-452-3100
*Attorneys for Defendants*

Steven Silverstein                      Jonathan Silverstein
Jason Skole                             Kevin Renert
Anthony Materia                         Harvey Silverstein
Healthplan Network, Inc.                Insurance USA
Healthcare Plans, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PINNACLE CHOICE, INC., a corporation organized in the State of New Jersey; PINNACLE INSURANCE SOLUTIONS, LLC, a limited liability company organized in the State of New Jersey; MICHAEL EVAN CARADIMITROPOULO, a New Jersey resident,<br><br>                    Plaintiffs,<br><br>          -vs-<br><br>STEVEN SILVERSTEIN, an individual; JONATHAN SILVERSTEIN, an individual; JASON SKOLE, an individual; KEVIN RENERT, an individual; ANTHONY MATERIA, an individual; HARVEY SILVERSTEIN, an individual; JOROS SAAVODRA, an individual; RONALD LACHICA, an individual; ANN-MARIE LIPSKY, an individual; DAVID L. LIPSKY, an individual; EVAN KATZ, an individual; CHRISTOPHER SABATH, an individual; KARL TAYLOR, an individual; GREGORY SHAW, an individual; ERROL MILLER, an individual; HEALTHCARE PLANS, INC., a corporation; HEALTH PLAN NETWORK, INC.; INSURANCE USA, a business entity; HEALTH SAVINGS NETWORK, INC., a | Civil Action No.<br><br><br><br><br><br><br><br>**NOTICE OF REMOVAL** |

business entity; FIRST NATIONAL, a
business entity; PRIM HEALTH NETWORK,
a business entity; HEALTHCARE DIRECT, a
business entity; CONVERGENT HEALTH, a
business entity; CAPITAL HEALTH, INC., a
business entity; ADL
INSURANCE/PREMIER HEALTH, a
business entity; UNITED LABOR BENEFITS,
INC., a corporation; JOHN ZANOTTI, an
individual; UNITED WORKERS OF
AMERICA, LOCAL 621; UNITED
WORKERS OF AMERICA, LOCAL 629;
TRACY PEREZ, an individual; JOHN DOE 1-
10, a fictitiously named individual; ABC
COMPANY 1-10, a fictitiously named
business entity,

Defendants.

Pursuant to 28 U.S.C. § 1441, Defendants Steven Silverstein, Jonathan Silverstein, Jason Skole, Kevin Renert, Anthony Materia, Harvey Silverstein, Health Care Plans, Inc., Health Plan Network, Inc., and Insurance USA (collectively referred to as "Defendants") remove this action to this Court. In support of removal, Defendants state as follows:

1. This Notice of Removal is being filed within thirty days after receipt by the first represented Defendant to have received a copy of the Complaint (Jason Skole) and is therefore timely pursuant to 28 U.S.C. § 1446(b). Defendants received copies of the Complaint, Jury Demand and Certification of Trial Counsel by hand delivery by the Sheriff's Office of the County of Palm Beach on November 8, 2007. Copies of the document received on that date is attached hereto as Exhibit A.

2. In or about December 21, 2006, Plaintiffs filed their first Complaint herein in the Superior Court of New Jersey, Law Division, Essex County against the Florida Defendants herein. A copy of the initial Complaint is annexed hereto as Exhibit B. At that time, there were no non-diverse defendants who were included in the Complaint.

3.  Upon receipt of the aforesaid original Complaint, a Notice of Filing of Notice of Removal was filed with the Superior Court of New Jersey, Law Division, Essex County on or about March 27, 2007.

4.  In conjunction with the Notice of Filing of Notice of Removal, a contemporaneous Notice of Removal was filed with the United States District Court for the District of New Jersey dated March 27, 2007, a true and accurate copy of which is annexed hereto as Exhibit C.

5.  Thereafter, Defendants filed a Notice of Motion to Dismiss the aforesaid original Complaint. A copy of Defendants' Notice of Motion is annexed hereto as Exhibit D.

6.  In conjunction with the aforesaid Notice of Motion, Defendants herein filed a Brief in Support, a copy of which is annexed hereto as Exhibit E.

7.  In or about July 27, 2007, the United States District Court granted Defendants' Motion and dismissed the Complaint for the reasons expressed in the Decision of the Honorable Dennis M. Cavanaugh, a copy of which is annexed hereto as Exhibit F.

8.  Subsequent to the issuance of the above Decision by Judge Cavanaugh, a supplemental Order was published identifying which counts of the original Complaint were dismissed with prejudice and which were dismissed without prejudice.

9.  Approximately ten (10) months after the original Complaint was filed, Plaintiffs filed another Complaint ("the Amended Complaint") in the Superior Court of New Jersey, Law Division, Essex County on October 15, 2007.

10. In an attempt to thwart Defendants' ability to have this Court again exercise jurisdiction and decide the matter, the Plaintiffs, in their Amended Complaint, have added non-essential, non-indispensable and unrelated Defendants who are non-diverse. As such, the conduct of Plaintiffs by including non-diverse, non-related and non-indispensable Defendants constitutes fraudulent joinder.

11. Notwithstanding the attempts of the Plaintiffs to thwart the jurisdiction of this Court through fraudulent joinder, this action is one over which this Court has jurisdiction.

12. This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be removed to this Court by the Defendants pursuant to 28 U.S.C. § 1441(a).

    a.    The Plaintiff and Defendants are citizens of different states. The Plaintiffs are New Jersey corporations with their principal places of business in New Jersey and an individual who is a citizen of New Jersey. Defendants are Florida corporations with their principal places of business in Florida and individuals who are citizens of Florida. Thus, there is complete diversity between the Plaintiffs and Defendants.

    b.    This is a civil action in which the alleged matter in controversy exceeds the sum or value of $75,000.00 (seventy-five thousand dollars), exclusive of interest and costs. Plaintiffs seek alleged damages for Breach of Contract (First Count); Negligence (Second Count); and Merchant Account Reserves (Fifth Count). Plaintiffs' Amended Complaint includes, but is not limited to, demands for the following damages: "(a) Compensatory Damages; (b) Treble Damages; (c) Punitive Damages; (d) Statutory Damages; (e) Reasonable attorney fees and costs; (f) Interest; (g) Costs of suit; (h) Accounting of revenues, expenses, charges, credit card/ debit card charges and charge-backs, insurance enrollment data and other financial and business records and accounting of health benefit charges to plaintiffs; account of commissions on health benefits enrollment."

Plaintiffs allege economic loss exceeding $50,000,000.00 in their Amended Complaint. The amount in controversy requirement is satisfied on this basis alone. However, Plaintiffs also seek the recovery of punitive damages, treble damages, statutory damages and attorneys' fees. These amounts must also be considered in determining whether the amount in controversy requirement has been met. A long line of decisions clearly establishes the proposition that exemplary or punitive damages, when they are permitted to be awarded under the governing substantive law for the claim being asserted by the plaintiff, can be included in determining whether the jurisdictional amount in controversy requirement has been met. 14B WRIGHT & MILLER FEDERAL PRACTICE AND PROCEDURE § 3702 (West 1998). Similarly, attorneys' fees are includible in computing the jurisdictional amount if the plaintiff may recover them as an alleged element of damages, either pursuant to a governing statute or under the district court's equitable power to award fees. *Id.*

c.    For the foregoing reasons, removal of this action is proper pursuant to 28 U.S.C. § 1441.

5.    A true and correct copy of this Notice is being hand delivered today for filing with the Clerk of the Superior Court of New Jersey, Law Division, Essex County pursuant to 28 U.S.C. § 1446(d).

6.    Written notice of the filing of this Notice has been served on counsel for Plaintiff, pursuant to 28 U.S.C. § 1446(d) as well as counsel for the non-diverse Defendants.

Respectfully submitted,

SAUL EWING LLP
A Delaware LLP


By: s/ John J. Pribish
    John J. Pribish  (JP6351)
    750 College Road East, Suite 100
    Princeton, NJ 08540
    TEL: (609) 452-3100
    FAX: (609) 452-3122

    Attorneys for Defendants
Steven Silverstein
Jonathan Silverstein
Jason Skole
Kevin Renert
Anthony Materia
Harvey Silverstein
Healthplan Network, Inc.
Insurance USA
Healthcare Plans, Inc.

Dated: December 7, 2007


## CERTIFICATE OF SERVICE

    I hereby certify that on this 7th day of December 2007, I caused copies of the foregoing

Notice of Removal to be mailed via regular mail to the following:

Michael F. Lombardi, Esq.
Lombardi & Lombardi, P.A.
1862 Oak Tree Road
P.O. Box 2065
Edison, New Jersey 08818-2065
Attorneys for Plaintiffs

Alain Liebman, Esq.
Fox Rothschild
P.O. Box 5231
Princeton, New Jersey  08543
*Attorneys for Defendants*
John Zanotti,
United Labor Benefits, Inc.

s/ John J. Pribish
J. Pribish  (JP6351)

# **EXHIBIT A**

TO BE SERVED

LOMBARDI & LOMBARDI, P.A.
1862 Oak Tree Road, P.O. Box 2065
Edison, New Jersey 08818-2065
(732) 906-1500; File No. 06-19415MFL
Attorneys for Plaintiffs

--------------------------------------------

| | |
|---|---|
| PINNACLE CHOICE, INC., a corporation organized in the State of New Jersey; PINNACLE INSURANCE SOLOUTIONS, LLC, a limited liability company organized in the State of New Jersey; MICHAEL EVAN CARADIMITROPOULO, a New Jersey resident, | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION<br>: ESSEX COUNTY<br>:<br>: DOCKET NO. ESX - L - 8368-07<br>:<br>: CIVIL ACTION |

Plaintiffs

v.

STEVEN SILVERSTEIN, an individual;
JONATHAN SILVERSTEIN, an individual;
JASON SKOLE, an individual; KEVIN
RENERT, an individual; ANTHONY
MATERIA, an individual; HARVEY
SILVERSTEIN, an individual; JOROS
SAAVODRA, an individual; RONALD
LACHICA, an individual; ANN-MARIE
LIPSKY, an individual; DAVID L. LIPSKY,
an individual; EVAN KATZ, an individual;
CHRISTOPHER SABATH, an individual;
KARL TAYLOR, an individual; GREGORY
SHAW, an individual; ERROL MILLER,
an individual; HEALTH CARE PLANS, INC.,
a corporation; HEALTH PLAN NETWORK,
INC.; INSURANCE USA, a business entity;
HEALTH SAVINGS NETWORK, INC., a
business entity; FIRST NATIONAL, a
business entity; PRIME HEALTH
NETWORK, a business entity;
HEALTHCARE DIRECT, a business entity;
CONVERGENT HEALTH, a business entity;
CAPITAL HEALTH, INC., a business entity;
ADL INSURANCE/PREMIER HEALTH, a
business entity; JOHN DOE 1-10, a
fictitiously named individual; ABC
COMPANY 1-10, a fictitiously named
business entity,

Defendants.

**SUMMONS**

SERVED 9:00 ____ M On 11-8 20 07
OFFICE OF THE SHERIFF, PALM BEACH COUNTY, FL
8  7:00
DEPUTY SHERIFF                    I.D. NO.

--------------------------------------------

Defendants (Continued)

United Labor Benefits,Inc.,a
corp; United Workers Of America
Local 621; United Workers of
America,Local 629; John Zanott:
an individual; Tracy Perez, an
individual

From the State of New Jersey, To the Defendant(s) Named Above: **JASON SKOLE**

The plaintiff, named above, has filed a lawsuit in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or Motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within 35 days from the date your received this Summons, not counting the date you received it. ( The address of each Deputy Clerk of the Superior Court is provided) If the Complaint is one in foreclosure, then you must file your written Answer or Motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, New Jersey 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to plaintiff's attorney,  whose name and address appear above, or to plaintiff if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or Motion (with fee and completed Case Information Statement),  if you want the Court  to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: Octoben 31 2007                                  _Donald F. Phelan, Jr_
                                                        Clerk of the Superior Court

Name of Defendant to be served:           Jason Skole
Address of the defendant to be served: .  6365 23rd Street
                                          Boca Raton, FL  33434

**\* $135.00 FOR CHANCERY DIVISION CASES AND $135.00 FOR LAW DIVISION CASES**

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK                NJ 07102

COURT TELEPHONE NO. (973) 693-6851
COURT HOURS

                    TRACK ASSIGNMENT NOTICE

                    DATE:    OCTOBER 23, 2002
                    RE:      PINNACLE CHOICE INC VS SILVERSTEIN
                    DOCKET: ESX L-008348 02

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

    DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.

    THE MANAGING JUDGE ASSIGNED IS:  HON RACHEL N. DAVIDSON

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT: (973) 693-6513 EXT 6518.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OR GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                    ATTENTION:

                         ATT: MICHAEL F. LOMBARDI
                         LOMBARDI & LOMBARDI
                         1862 OAK TREE ROAD
                         PO BOX 2065
                         EDISON          NJ 08818

JUKX0IO

LOMBARDI & LOMBARDI, P.A.
1862 Oak Tree Road
Post Office Box 2065
Edison, New Jersey 08818
(732) 906-1500 File No. 06-19415MFL
Attorneys for Plaintiff(s)



Office of the Superior Court Clerk
By Deputy Clerk of the Superior Court

OCT 15 2007

Received and Filed
ESSEX

| | |
|---|---|
| PINNACLE CHOICE, INC., a corporation organized in the State of New Jersey; PINNACLE INSURANCE SOLOUTIONS, LLC, a limited liability company organized in the State of New Jersey; MICHAEL EVAN CARADIMITROPOULO, a New Jersey resident, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION ESSEX COUNTY<br><br>DOCKET NO. L 8368-07<br><br>CIVIL ACTION |
| Plaintiffs<br><br>v.<br><br>STEVEN SILVERSTEIN, an individual; JONATHAN SILVERSTEIN, an individual; JASON SKOLE, an individual; KEVIN RENERT, an individual; ANTHONY MATERIA, an individual; HARVEY SILVERSTEIN, an individual; JOROS SAAVODRA, an individual; RONALD LACHICA, an individual; ANN-MARIE LIPSKY, an individual; DAVID L. LIPSKY, an individual; EVAN KATZ, an individual; CHRISTOPHER SABATH, an individual; KARL TAYLOR, an individual; GREGORY SHAW, an individual; ERROL MILLER, an individual; HEALTH CARE PLANS, INC., a corporation; HEALTH PLAN NETWORK, INC.; INSURANCE USA, a business entity; HEALTH SAVINGS NETWORK, INC., a business entity; FIRST NATIONAL, a business entity; PRIME HEALTH NETWORK, a business entity; HEALTHCARE DIRECT, a business entity; CONVERGENT HEALTH, a business entity; CAPITAL HEALTH, INC., a business entity; ADL INSURANCE/PREMIER HEALTH, a business entity; UNITED LABOR BENEFITS | COMPLAINT; JURY DEMAND; DESIGNATION OF TRIAL COUNSEL; CERTIFICATION |

SUP... ... ... ...JERSEY

OCT - 4 ...

BATCH # 940  FILED 10/15/07
CHECK/RECEIPT # 14139  AMT. 200

INC., a corporation; JOHN ZANOTTI, an                :
individual; UNITED WORKERS OF                        :
AMERICA, LOCAL 621; UNITED                           :
WORKERS OF AMERICA, LOCAL 629;                       :
TRACY PEREZ, an individual; JOHN DOE                 :
1-10, a fictitiously named individual; ABC           :
COMPANY 1-10, a fictitiously named                   :
business entity,                                     :
                                                     :
                     Defendants.                     :
------------------------------------------------------:

         Plaintiffs, Pinnacle Choice, Inc., a corporation organized in the State of New Jersey;

and Pinnacle Insurance Solutions, LLC, a limited liability company organized in the State of

New Jersey, doing business at 632 Pompton Avenue, Township of Cedar Grove, County of

Essex and State of New Jersey, and Michael Evans Caradimitropoulo, an individual,

residing at 7 Woodland Road, Township of West Caldwell, County of Essex and State of

New Jersey, by way of Complaint against the defendants say:

### (IDENTIFICATION OF PARTIES and BUSINESSES)

         1.      At all times mentioned herein, plaintiff, Pinnacle Choice, Inc., a corporation

organized in the State of New Jersey (hereinafter "Pinnacle Choice"), was in the business of

development of a medical benefits discount plan and the sale and distribution of medical

benefits discount cards to consumers.  This service is not medical/health insurance; it is a

discount plan for medical, dental, hearing, vision, prescription, chiropractic and other health

related products and services.

         2.      At all times mentioned herein, Pinnacle Health Solutions, LLC, a limited

liability company organized in the State of New jersey (hereinafter "Pinnacle Health") was

engaged in the marketing, telemarketing business and was charged with marketing,

recruiting and enrolling of distributors of Pinnacle Choice, which distributors would be offered membership into a labor union and, at their option, purchase labor union sponsored health insurance benefits.   These distributors would sell the Pinnacle Choice medical benefits discount card to consumers.   Distributors of Pinnacle Choice would be charged monthly for the cost of labor union health insurance and other charges, including a charge for licensing and professional services rendered by Pinnacle Insurance Solutions, LLC (hereinafter "Pinnacle Insurance").

3.    Plaintiff, Michael Evan Caradimitropoulo (hereinafter "Michael Evans"), is a principal of Pinnacle Choice, Pinnacle Health and Pinnacle Insurance.  Plaintiff, Michael Evans, was a member of Pinnacle Health, a New Jersey limited liability company.

4.    Defendants, Steven Silverstein, Jonathan Silverstein, Jason Skole, Kevin Renert and Anthony Materia, along with plaintiff, Michael Evans, were members of Pinnacle Health under the terms of a Operating Agreement effective October 10, 2005. Defendants, Steven Silverstein, Jonathan Silverstein, Jason Skole, Kevin Renert and Anthony Materia were charged with the operation and management of the telemarketing center in the State of Florida, where marketing and recruitment services were rendered.

5a.    Defendant, Health Care Plans, Inc. and its principals, defendants, Steven Silverstein and Jason Skole, conduct telemarketing business from 4300 North University Drive, Suite E 106, Lauderhill, Florida 33351.

5b.    Defendant, Health Plans Network, Inc., and its principals, defendants, Anthony Materia, Jonathan Silverstein and Kevin Renert, conduct telemarketing business from 4300 North University Drive, Suite E 106, Lauderhill, Florida 33351.

5c.    Defendants Health Care Plans, Inc. and Health Plans Network, Inc., were engaged by plaintiff, Pinnacle Choice, to provide telemarketing and recruiting of distributors for plaintiff, Pinnacle Choice.

6.    Defendant, Insurance USA, through its principal, defendant, Harvey Silverstein, was engaged, at the direction of defendants, Steven Silverstein, Jonathan Silverstein, Jason Skole, Kevin Renert and Anthony Materia, by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

7.    Defendant, First National, through its principal, defendant, Joros Saavodra, was engaged, at the direction of defendants, Steven Silverstein, Jonathan Silverstein, Jason Skole, Kevin Renert and Anthony Materia, by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

8.    Defendant, Healthcare Direct, through its principal, defendant, Errol Miller, was engaged, at the direction of defendants, Steven Silverstein, Jonathan Silverstein, Jason Skole, Kevin Renert and Anthony Materia, by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

9.    Defendant, Convergent Health, through its principal, defendant, Karl Taylor, was engaged, at the direction of defendants, Steven Silverstein, Jonathan Silverstein, Jason Skole, Kevin Renert and Anthony Materia, by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

10.    Defendant, Capital Health, Inc., through its principal, defendant, Ronald Lachica, was engaged, at the direction of defendants, Steven Silverstein, Jonathan

Silverstein, Jason Skole, Kevin Renert and Anthony Materia, by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

11.   Defendant, ADL Insurance/Premier Health, through its principal, defendant, Ann-Marie Lipsky, was engaged, at the direction of defendants, Steven Silverstein, Jonathan Silverstein, Jason Skole, Kevin Renert and Anthony Materia, by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

12.   Defendant, Premier Health Plans, Inc., through its principal, defendant, David L. Lipsky, was engaged, at the direction of defendants, Steven Silverstein, Jonathan Silverstein, Jason Skole, Kevin Renert and Anthony Materia, by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

13.   Defendant, Health Savings Network, Inc., through its principal, defendant, Evan Katz, was engaged, at the direction of defendants, Steven Silverstein, Jonathan Silverstein, Jason Skole, Kevin Renert and Anthony Materia, by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

14.   Defendant, Premier Health Network, through its principal, defendant, Gregory Shaw, was engaged, at the direction of defendants, Steven Silverstein, Jonathan Silverstein, Jason Skole, Kevin Renert and Anthony Materia, by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle

Choice.

15.    Defendant, ABC Company #1, through its principal, defendant, Christopher Sabath, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

16.    Defendant, United Labor Benefits, Inc., is a New Jersey company located at 1373 Broad Street, Suite 206, Clifton, New Jersey 07013.  This company was and is engaged in the business of providing administrative services for the enrollment, eligibility determination and billing for health insurance plans.  The defendant, United Labor Benefits, Inc., through its president, defendant, Zanotti, entered into an "Administrative Services Agreement" on November 23, 2005, with plaintiff, Pinnacle Choice, Inc., whereby United Labor Benefits, Inc. was charged with the contractual duty to verify billing information, verify eligibility, verify and coordinate processing of claims and related services regarding the provision of health insurance to eligible distributors of plaintiff, Pinnacle Choice, Inc., through labor union membership in United Workers of America, Local 621, also located at 1373 Broad Street, Suite 206, Clifton, New Jersey 07013.

17.    Defendant, United Workers of America, Local 621, did enter into a collective bargaining agreement with plaintiff, Pinnacle Choice, Inc., effective September 1, 2005, under which plaintiff, Pinnacle Choice, Inc.,  recognized Local 621 as the exclusive collective bargaining unit for all distributors of plaintiff, Pinnacle Choice, Inc.  Under said collective bargaining agreement, distributors of plaintiff, Pinnacle Choice, Inc., were deemed employees, were given the option to join Local 621 and, as part of their membership, were offered the option to purchase health benefits at various levels of

employer contribution based upon the distributors' sales of Pinnacle Choice medical benefits discount cards.

18.     Defendant, United Workers of America, Local 621, did, in turn, contract with the defendant, Local 629, and its Welfare Fund, for the actual provision of health benefits to distributors of plaintiff, Pinnacle Choice.  The defendant, Tracy Perez, was the principal of Local 629 Welfare Fund.

## (JURISDICTION and VENUE)

19.     The operating agreement for Pinnacle Health Solutions, LLC provides that the agreement and the rights and obligations of the parties are governed by and interpreted in accordance with the laws of the State of New Jersey.

20.     The collective bargaining agreement between plaintiff, Pinnacle Choice, Inc., and Local 621 was entered in the State of New Jersey.

21.     The Administrative Services Agreement between plaintiff and defendant, United Labor Benefits, Inc., provides that it is to be governed by New Jersey law.

22.     The within action is not subject to removal to the United States District Court as there is not complete diversity and there is no federal question.

23.     The billing for charges to distributors of plaintiff, Pinnacle Choice, were handled through credit cards/debit cards/merchant accounts of plaintiff, Pinnacle Insurance, within the State of New Jersey.

## FIRST COUNT
### (Breach of Contract By Certain Florida Defendants)

24.     In or around 2005, plaintiff, Pinnacle Insurance, and related Pinnacle

companies began operations which generated two (2) types of revenue from two (2) different sources.

24a.    The first source was from the establishment between plaintiff, Pinnacle Insurance, and an individual of a distributorship relationship whereby the individual would sell to individuals a medical benefits savings or discount card for savings and discounts on medical services and products.    This product was not the sale of insurance, merely a discount card on health related service and products.

24b.    The second source was from the establishment of an outside distributorship to sell Pinnacle Choice products.    Newly recruited distributors were given the option of joining a labor union and purchasing health benefits from that labor union.    Distributors of Pinnacle would be charged monthly for the cost of labor union health insurance and other charges, including a charge for licensing and professional services rendered by plaintiff, Pinnacle Insurance.

25.    In 2005, defendants, Steven Silverstein, Jonathan Silverstein, Kevin Renert Jason Skole and Anthony Materia, individually and as officers of defendant, Health Care Plans, Inc. and Health Plan Network, Inc., represented and warranted to plaintiffs that the former individuals and companies had proprietary software, "Summit", which would manage and handle the recruitment of distributors for Pinnacle Choice including solicitation, enrollment, billing, union membership, union health benefits, termination of distributorships, and all issues related to marketing, enrollment, union membership, distributorship status, payments and related issues.    Included within the contractual obligations of the defendants named in this paragraph was verification that Pinnacle

distributors enrolled for health benefits had paid for and were otherwise eligible for union membership and health benefits.

26.   The responsibilities of plaintiff, Pinnacle Insurance, were to arrange for established labor union membership, to negotiate union pricing, to receive revenues, pay expenses, including medical benefits provided by defendants, Local 621 and Local 629 Welfare Plan.

27.   In or around October 2005, plaintiff, Michael Evans, and defendants, Steven Silverstein, Jason Skole, Jonathan Silverstein, Kevin Renert and Anthony Materia, entered as members into an operating agreement for Pinnacle Health, which was organized to arrange for plaintiffs, Pinnacle Choice and Pinnacle Insurance, the services described in paragraph 25 of this Complaint.

28.   In or around October 2005, plaintiff, Pinnacle Choice, entered into contractual agreements with the following individuals and entities for the performance of some or all of the services described in paragraph 25 hereof:

(a)   Defendant, Health Care Plans, Inc.

(b)   Defendant, Health Plan Network, Inc.

(c)   Insurance USA

(d)   Health Savings Network, Inc.

(e)   First National

(f)   Healthcare Direct

(g)   Convergent Health

(h)    Capital Health, Inc.

(i)    ADL Insurance/Premier Health

(j)    Harvey Silverstein

(k)    Joros Saavodra

(l)    Ronald Lachica

(m)    Ann-Marie Lipsky

(n)    David L. Lipsky

(o)    Evan Katz

(p)    Errol Miller

(q)    Christopher Sabath

(r)    Karl Taylor

(s)    Gregory Shaw

(t)    John Doe 1-3

(u)    ABC Company 1-3

29.    Pursuant to the contractual arrangements/agreements, the defendants named in paragraph 28 were paid commissions.

30.    The defendants named in paragraphs 27 and 28, jointly and severally, did mishandle the recruitment of distributors, the billing of distributors, the enrollment of distributors into the labor union medical plan and the removal of non-paying distributors from the labor union medical plan.  These defendants did fail to remove from the list of active union members entitled to health benefits those distributors who had failed to pay the distributor's contribution toward union health coverage and other charges required for

union health benefits.

31.    The defendants named in paragraphs 27 and 28, jointly and severally, did underbill distributors for previously agreed upon processing expenses at the rate of $10.00 per distributor per month, resulting in losses to plaintiffs estimated at $256,610.00 to date.

32.    The defendants named in paragraphs 27 and 28, by failing to remove from union coverage non-paying distributors, incurred for plaintiffs medical benefits expenses on non-paying members with a resultant loss to plaintiffs of $334,059.00

33.    The defendants named in paragraphs 27 and 28, jointly and severally, through their recruitment and billing practices in 2005 and 2006, incurred for plaintiffs charge-backs on the merchant credit/debit accounts in the estimated amount of $209,171.00.

34.    The defendants named in paragraphs 27 and 28, jointly and severally, by failure to remove from union coverages non-paying distributors, overcharged to plaintiffs commissions estimated at $217,505.00 for the period between October 2005 and pre-suit.

35.    The conduct of the defendants named in paragraphs 27 and 28 did constitute breach of their contractual obligations to plaintiffs; said contractual obligations set forth in the Pinnacle Health Operating Agreement, other contractual writings and oral commitments.

36.    The conduct of the defendants named in paragraphs 27 and 28 resulted in plaintiff's estimated economic loss in excess of $1,000,000.00 as follows:

(1)    Under billing of accounts ................................. $  256,610

(2)    Union Insurance Coverage for Non-Paying Distributors    334,059

(3)    Credit/Debit Card Charge-backs ........................    209,171

    (4)    Commission Overpayments to Distributors ............    217,505

                               $1,017,345

37.    As a result of the conduct of the defendants named in paragraphs 27 and 28, plaintiffs were deprived of prospective economic advantage of the proprietary system that plaintiffs created for the sale of medical savings discount plans and the recruitment of distributors. Plaintiffs estimated that the loss of prospective economic advantage suffered by plaintiffs due to the conduct of defendants is substantial and in the millions of dollars.

## SECOND COUNT
### (Negligence By Certain Florida Defendants)

38.    Plaintiffs repeat and reallege paragraphs 1 through 37 as if set forth at length.

39.    The conduct of the defendants named in paragraphs 27 and 28 constituted negligence in that they failed to exercise reasonable care in the verification and reporting of payments by Pinnacle distributors, who were eligible for health benefits from Local 621; and in failure to remove non-paying distributors from union health benefits.

40.    The defendants named in paragraphs 27 and 28 did negligently under bill Pinnacle distributors for processing expenses at the rate of $10.00 per distributor, per month, resulting in losses to plaintiffs estimated at $256,610.00.

41.    The defendants named in Paragraph 27 and 28 did negligently fail to remove from union coverage non-paying distributors, which, in turn, incurred for plaintiffs coverage charges with Local 621 on non-paying members with a resultant loss to plaintiffs estimated at $334,059.00.

42.    The defendants named in Paragraphs 27 and 28 did negligently, through their recruitment and billing practices in 2005 and 2006, incur for plaintiffs charge-backs on

plaintiffs' merchant credit/debit account in the estimated amount of $209,171.00.

43.    The defendants named in paragraphs 27 and 28 did negligently overcharge to plaintiffs commissions estimated at $217,505.00 for the period between October 2005 and pre-suit.

44.    As a result of the negligence of the defendants named in paragraphs 27 and 28, plaintiffs have incurred economic losses in excess of $1,000,000.00 as itemized in paragraph 36.

**THIRD COUNT**
**(Breach Of Contract By New Jersey Defendants)**

45.    Plaintiffs repeat and reallege paragraphs 1 through 44 as if set forth at length.

46.    Plaintiff, Pinnacle Choice, Inc., entered into an Administrative Services Agreement with defendant, United Labor Benefits, Inc., whereby said defendant was to provide administrative services for the enrollment, eligibility determinations and billing for distributors of plaintiff, Pinnacle Choice, so that said distributors could receive health benefits with Local 621 and/or Local 629 Welfare Plan.

47.    Under the terms of its contact with plaintiff, Pinnacle Choice, Inc., the defendant, United Labor Benefits, Inc., actually placed employees at the business premises of plaintiff, Pinnacle Choice, Inc.    Those employees of the defendant, United Labor Benefits, Inc., had the duty to handle service calls from Pinnacle distributors regarding health insurance coverage.

48.    Among the duties that defendant, United Labor Benefits, Inc., owed to plaintiffs was to verify billing information relating to enrollment of Pinnacle distributors

into the Local 629 Welfare fund and to perform other service requirements related to said enrollment, including but not limited to eligibility and active payment by distributor status.

49.     The defendant, United Labor Benefits, through its principal, defendant, John Zanotti, and defendants, Locals 621 and 629, including the latter's Welfare Fund, the latter through its principal, defendant, Tracy Perez, were to coordinate active membership status and health benefits eligibility before placing or continuing health benefits for any Pinnacle distributor and before plaintiff, Pinnacle Choice, was invoiced for the cost of health benefits on any particular distributor.

50.     Defendants, United Labor Benefits, Inc., John Zanotti, Local 621, Local 629, including its Welfare Plan, did breach their contractual agreement with plaintiffs by failing to verify and confirm the eligibility of Pinnacle distributors for health benefits.

51.     As a result of the breach of contract by defendants, United Labor Benefits, Inc., John Zanotti, Local 621, Local 629, including its Welfare Plan, and Tracy Perez, plaintiffs were obligated to pay health benefit premiums for distributors who had not paid their contribution to health plan benefits and/or who failed to pay processing expenses.

52.     Defendants, United Health Benefits and John Zanotti, did receive commissions and fees in connection with payment by plaintiffs of health benefits' expenses on distributors who had not paid the distributor's contribution toward health benefits or other processing expenses.

53.     Defendants, Local 621, Local 629, including its Welfare Plan, and Tracy Perez, did collect premiums from plaintiffs on distributors who were ultimately determined to be ineligible for health insurance benefits, resulting in an overpayment by plaintiffs of an

estimated $334,000.00.

## FOURTH COUNT
### (Negligence By New Jersey Defendants)

54.    Plaintiffs repeat and reallege paragraphs 1 through 53 as if set forth at length.

55.    Defendants, United Health Benefits, Inc., John Zanotti, Local 621, Local 629, including its Welfare Plan, and Tracy Perez, were negligent in failing to verify active and paying status of all Pinnacle distributors prior to placing and/or maintaining health benefits for each such employee; in failing to rescind or terminate health benefits for any Pinnacle distributor who failed to pay the distributor's contribution toward health benefits and other processing fees; and in failing to protect the financial interests of plaintiffs by only billing plaintiffs the cost of health benefits for distributors who paid and were current in the payment of health benefit contributions.

56.    As a result of the negligence of the defendants referred to in paragraph 55, plaintiffs have been financially damaged to the extent of payment by plaintiffs for health benefits for distributors who did not pay for same; to the extent of payment of union dues for distributors who did not pay for same; to the extent of commissions and fees received by the defendant, United Labor Benefits, Inc., on health benefits for distributors who were not eligible for health benefits; and to the extent of prospective economic loss and other damages.

## FIFTH COUNT
### (Merchant Account Reserves)

57.    Plaintiffs repeat and reallege each and every paragraph of paragraphs 1 through 56 as if set forth at length.

58.    Pursuant to a July 18, 2006 letter agreement executed by plaintiff, Pinnacle Choice, Inc., and defendant, Health Care Plans, Inc., et al, the latter posted $210,000.00 from commissions earned to act as a reserve to handle merchant account charge backs.

59.    The July 18, 2006 letter agreement was prompted and necessitated by the misleading, inaccurate and ineffective recruitment and billing practices of the Florida defendants in 2005 and 2006.

60.    Plaintiffs continue to hold the $210,000.00 posted by the Florida defendants in reserve.

61.    Plaintiffs are entitled to the $210,000.00 reserve posted by the Florida defendants because:

    a.    The $210,000.00 was posted through commissions to which the Florida defendants were not entitled; said commissions belong to plaintiffs;

    b.    To offset damages sustained by plaintiffs due to the breach of contact and/or negligence of the Florida defendants.

    c.    To offset unauthorized charges by the Florida defendants after plaintiffs terminated business relationships with said defendants in 2006.

## REMEDIES

**WHEREFORE**, plaintiffs demand judgment from defendants, jointly and severally,

as follows:

    A.     Compensatory Damages;

    B.     Treble Damages;

    C.     Punitive Damages;

    D.     Statutory Damages;

    E.     Reasonable attorney fees and costs;

    F.     Interest;

    G.     Costs of suit;

    H.     Accounting of revenues, expenses, charges, credit card/
debit card charges and charge-backs, insurance enrollment
data and other financial and business records;

    I.     Accounting of health benefit charges to plaintiffs;
accounting of commissions on health benefits enrollment;

    J.     Such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by a jury of six (6) persons on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, Michael F. Lombardi, Esq., is hereby designated as trial counsel.

## CERTIFICATION; R. 4:5-1

The undersigned certifies that, to the best of his knowledge and belief, there is not pending or contemplated any other relevant action or arbitration proceeding related to the

subject matter of this lawsuit. All reasonably related parties have been impleaded herein.

.A prior action captioned <u>Pinnacle Choice, Inc., etc., et al v. Steven Silverstein, etc., et al</u>, was filed in the Superior Court of New Jersey, Law Division, Essex County under Docket No. ESX-L-10447-06. That action was removed to the United States District County, District of New Jersey, under Civil Action No 07-cv-1379(DMC). That prior action was dismissed under Federal Rule of Procedure 12(b)(6); however, Counts for breach of contract and negligence were dismissed without prejudice.

I certify that the foregoing statements made by me are true. I am aware that if any statement contained herein is willfully false, I am subject to punishment.

LOMBARDI & LOMBARDI, P.A.

Dated: October 3, 2007

By: _____

Michael F. Lombardi

# **<u>EXHIBIT B</u>**

LOMBARDI & LOMBARDI, P.A.
1862 Oak Tree Road
Post Office Box 2065
Edison, New Jersey 08818
(732) 906-1500 File No. 06-19415MFL
Attorneys for Plaintiff(s)



| | |
|---|---|
| PINNACLE CHOICE, INC., a corporation organized in the State of New Jersey; PINNACLE INSURANCE SOLUOTIONS, LLC, a limited liability company organized in the State of New Jersey; MICHAEL EVAN CARADIMITROPOULO, a New Jersey resident, | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION<br>: ESSEX COUNTY<br>:<br>: DOCKET NO. *L-10447-06* |
| **Plaintiffs** | :<br>:  CIVIL ACTION |
| v. | :  COMPLAINT; JURY DEMAND;<br>:  DESIGNATION OF TRIAL<br>:  COUNSEL; CERTIFICATION |
| STEVEN SILVERSTEIN, an individual; JONATHAN SILVERSTEIN, an individual; JASON SKOLE, an individual; KEVIN RENERT, an individual; ANTHONY MATERIA, an individual; HARVEY SILVERSTEIN, an individual; JOROS SAAVODRA, an individual; RONALD LACHICA, an individual; ANN-MARIE LIPSKY, an individual; DAVID L. LIPSKY, an individual; EVAN KATZ, an individual; CHRISTOPHER SABATH, an individual; KARL TAYLOR, an individual; GREGORY SHAW, an individual; ERROL MILLER, an individual; HEALTH CARE PLANS, INC., a corporation; HEALTH PLAN NETWORK, INC.; INSURANCE USA, a business entity; HEALTH SAVINGS NETWORK, INC., a business entity; FIRST NATIONAL, a business entity; PRIME HEALTH NETWORK, a business entity; HEALTHCARE DIRECT, a business entity; CONVERGENT HEALTH, a business entity; CAPITAL HEALTH, INC., a business entity; ADL INSURANCE/PREMIER HEALTH, a business entity; JOHN DOE 1-10, a | :  |

fictitiously named individual; ABC                          :
COMPANY 1-10, a fictitiously named                           :
business entity,                                             :
                                                             :
                        Defendants.                          :
----------------------------------------------------------

Plaintiffs, Pinnacle Choice, Inc., a corporation organized in the State of New Jersey;

and Pinnacle Insurance Solutions, LLC, a limited liability company organized in the State of

New Jersey, doing business at 632 Pompton Avenue, Township of Cedar Grove, County of

Essex and State of New Jersey, and Michael Evans Caradimitropoulo, an individual,

residing at 7 Woodland Road, Township of West Caldwell, County of Essex and State of

New Jersey, by way of Complaint against the defendants say:

## FIRST COUNT
### (Identification of Parties and Businesses)

1.      At all times mentioned herein, plaintiff, Pinnacle Choice, Inc., a corporation

organized in the State of New Jersey (hereinafter "Pinnacle Choice"), was in the business of

development of a medical benefits discount plan and the sale and distribution of medical

benefits discount cards to consumers.  This service is not medical/health insurance; it is a

discount plan for medical, dental, hearing, vision, prescription, chiropractic and other health

related products and services.

2.      At all times mentioned herein, Pinnacle Health Solutions, LLC, a limited

liability company organized in the State of New jersey (hereinafter "Pinnacle Health") was

engaged in the marketing, telemarketing business and was charged with marketing,

recruiting and enrolling of distributors of Pinnacle Choice, which distributors would be

would be offered membership into a labor union and, at their option, purchase labor union sponsored health insurance benefits. These distributors would sell the Pinnacle Choice medical benefits discount card to consumers. Distributors of Pinnacle Choice would be charged monthly for the cost of labor union health insurance and other charges, including a charge for licensing and professional services rendered by Pinnacle Insurance Solutions, LLC (hereinafter "Pinnacle Insurance").

      3.     Plaintiff, Michael Evan Caradimitropoulo (hereinafter "Michael Evans"), is a principal of Pinnacle Choice, Pinnacle Health and Pinnacle Insurance. Plaintiff, Michael Evans, was a member of Pinnacle Health, a New Jersey limited liability company.

      4.     Defendants, Steven Silverstein, Jonathan Silverstein, Jason Skole, Kevin Renert and Anthony Materia, along with plaintiff, Michael Evans, were members of Pinnacle Health under the terms of a Operating Agreement effective October 10, 2005. Defendants, Steven Silverstein, Jonathan Silverstein, Jason Skole, Kevin Renert and Anthony Materia were charged with the operation and management of the telemarketing center in the State of Florida, were marketing and recruitment services were rendered.

      5a.     Defendant, Health Care Plans, Inc. and its principals, defendants, Steven Silverstein and Jason Skole, conduct telemarketing business from 4300 North University Drive, Suite E 106, Lauderhill, Florida 33351.

      5b.     Defendant, Health Plans Network, Inc., and its principals, defendants, Anthony Materia, Jonathan Silverstein and Kevin Renert, conduct telemarketing business from 4300 North University Drive, Suite E 106, Lauderhill, Florida 33351.

5c.     Defendants Health Care Plans, Inc. and Health Plans Network, Inc., were engaged by plaintiff, Pinnacle Choice, to provide telemarketing and recruiting of distributors from plaintiff, Pinnacle Choice.

6.     Defendant, Insurance USA, through its principal, defendant, Harvey Silverstein, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

7.     Defendant, First National, through its principal, defendant, Joros Saavodra, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

8.     Defendant, Healthcare Direct, through its principal, defendant, Errol Miller, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

9.     Defendant, Convergent Health, through its principal, defendant, Karl Taylor, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

10.     Defendant, Capital Health, Inc., through its principal, defendant, Ronald Lachica, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

11.     Defendant, ADL Insurance/Premier Health, through its principal, defendant, Ann-Marie Lipsky, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

12.    Defendant, Premier Health Plans, Inc., through its principal, defendant, David L. Lipsky, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

13.    Defendant, Health Savings Network, Inc., through its principal, defendant, Evan Katz, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

14.    Defendant, Premier Health Network, through its principal, defendant, Gregory Shaw, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

15.    Defendant, ABC Company #1, through its principal, defendant, Christopher Sabath, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

### SECOND COUNT
#### (Jurisdiction and Venue)

16.    The operating agreement for Pinnacle Health Solutions, LLC provides that the agreement and the rights and obligations of the parties are governed by and interpreted in accordance with the laws of the State of New Jersey.

17.    The billing for charges to distributors of plaintiff, Pinnacle Choice, were handled through credit cards/debit cards/merchant accounts of plaintiff, Pinnacle Insurance.

### THIRD COUNT
#### (Factual Allegations)

18.    In or around 2005, plaintiff, Pinnacle Insurance, and related Pinnacle companies began operations which generated two (2) types of revenue from two (2)

different sources.

19a.   The first source was from the establishment between plaintiff, Pinnacle Insurance, and an individual of a distributorship relationship whereby the individual would sell to individuals a medical benefits savings or discount card for savings and discounts on medical services and products.   This product was not the sale of insurance, merely a discount card on health related service and products.

19b.   The second source was from the establishment of an outside distributorship to sell Pinnacle Choice products.   Newly recruited distributors were given the option of joining a labor union and purchasing health benefits from that labor union.   Distributors of Pinnacle would be charged monthly for the cost of labor union health insurance and other charges, including a charge for licensing and professional services rendered by plaintiff, Pinnacle Insurance.

20.   In 2005, defendants, Steven Silverstein, Jonathan Silverstein, Kevin Renert Jason Skole and Anthony Materia, individually and as officers of defendant, Health Care Plans, Inc. and Health Plan Network, Inc., represented and warranted to plaintiffs that the former individuals and companies had proprietary software, which would manage and handle the recruitment of distributors for Pinnacle Choice including solicitation, enrollment, billing, union membership, termination of distributorships, and all issues related to marketing, enrollment, union membership, distributorship status and payment related issues.

21.   The responsibilities of plaintiff, Pinnacle Insurance, was to arrange for established labor union membership, to negotiate union pricing, to receive revenues, pay expenses, including insurance coverage provided by the labor union.

22.    In or around October 2005, plaintiff, Michael Evans, and defendants, Steven Silverstein, Jason Skole, Jonathan Silverstein, Kevin Renert and Anthony Materia, entered as members into an operating agreement for Pinnacle Health, which was organized to arrange for plaintiffs, Pinnacle Choice and Pinnacle Insurance, the services described in paragraph 20 of this Complaint.

23.    In or around October 2005, plaintiff, Pinnacle Choice, entered into arrangements with the following individuals and entities for the performance of some or all of the services described in paragraph 20 hereof:

(a)    Defendant, Health Care Plans, Inc.

(b)    Defendant, Health Plan Network, Inc.

(c)    Insurance USA

(d)    Health Savings Network, Inc.

(e)    First National

(f)    Healthcare Direct

(g)    Convergent Health

(h)    Capital Health, Inc.

(i)    ADL Insurance/Premier Health

(j)    Harvey Silverstein

(k)    Joros Saavodra

(l)    Ronald Lachica

(m)    Ann-Marie Lipsky

(n)    David L. Lipsky

    (o)    Evan Katz

    (p)    Errol Miller

    (q)    Christopher Sabath

    (r)    Karl Taylor

    (s)    Gregory Shaw

    (t)    John Doe 1-3

    (u)    ABC Company 1-3

24.    Pursuant to the arrangements, the defendants were paid commissions.

25.    Defendants, jointly and severally, did mishandle the recruitment of distributors, the billing of distributors, the enrollment of distributors into the labor union medical plan, the removal of non-paying distributors from the labor union medical plan.

26.    Defendants, jointly and severally, did underbill distributors for previously agreed upon processing expenses at the rate of $10.00 per distributor per month, resulting in losses to plaintiffs estimated at $256,610.00 to date.

27.    Defendants, by failing to remove from union coverage non-paying distributors, incurred for plaintiffs union insurance coverage expenses on non-paying members with a resultant loss to plaintiffs of $334,059.00

28.    Defendants, jointly and severally, through their recruitment and billing practices in 2005 and 2006, incurred for plaintiffs charge-backs on the merchant credit/debit accounts in the estimated amount of $209,171.00.

29.    Defendants, jointly and severally, overcharged to plaintiffs commission estimated at $217,505.00 for the period between October 2005 and pre-suit.

30.    Defendants, jointly and severally, through their agents, servants and employees, did commit certain fraudulent and/or unconscionable practices in connection with their telemarketing efforts and the recruitment of distributors by making misrepresentations to consumers regarding the nature of the products and services being provided.

31.    The fraudulent and/or unconscionable conduct of defendants resulted in disputed merchant account charges for plaintiffs, resulting in complaints being filed against plaintiffs by state insurance regulators and resultant fines, all of which damaged plaintiff's business reputation.

32.    The conduct of the defendants resulted in plaintiff's estimated economic loss in excess of $1,000,000.00 as follows:

| | | |
|---|---|---|
| (1) | Underbilling of accounts ……………………………… | $  256,610 |
| (2) | Union Insurance Coverage for Non-Paying Distributors | 334,059 |
| (3) | Credit/Debit Card Charge-backs …………………… | 209,171 |
| (4) | Commission Overpayments to Distributors ………… | 217,505 |
| | | $1,017,345 |

33.    As a result of defendants' conduct, plaintiffs were deprived of prospective economic advantage of the proprietary system that plaintiffs created for the sale of medical savings discount plans and the recruitment of distributors.  Plaintiffs estimated that the loss of prospective economic advantage suffered by plaintiffs due to the conduct of defendants is $50,000,000.00.

### FOURTH COUNT
#### (Breach of Contract)

34.    The conduct of defendants, jointly and severally, constitutes breach of contract resulting in damages to plaintiffs.

### FIFTH COUNT
#### (Breach of Fiduciary Obligation)

35.    Defendants, through their acts, did breach fiduciary duties to plaintiffs resulting in damages to plaintiffs.

### SIXTH COUNT
#### (Criminal Conduct)

36.    Defendants, through their acts, did violate criminal laws, including fraud, embezzlement, theft and other criminal laws.

### SEVENTH COUNT
#### (Violation of State and Federal Consumer Laws and Regulations)

37.    Defendants, through their acts, did violate federal and state consumer laws and regulations pertaining to the sale of product and services to consumers.

### EIGHTH COUNT
#### (Federal "RICO")

38.    Defendants, through their acts, did violate the Federal Racketeering, Influence and Corrupt Organizations Act (RICO), 18 USC. sec 1961-1968, as they received income derived directly or indirectly from a pattern of criminal racketeering activity.

### NINTH COUNT
#### (State "RICO")

39.    Defendants, through their acts, did violate the New Jersey RICO Act, NJSA 2C:41-1.1, et seq.

## TENTH COUNT
### (Tortious Interference)

40.    Defendants, through their acts, did tortiously interfere with the prospective economic advantages of plaintiffs.

41.    Defendants, through their acts, did tortiously interfere with the contract rights of plaintiff.

## ELEVENTH COUNT
### (Common Law Fraud)

42.    Defendants, through their acts, did commit legal fraud consisting of material misrepresentation of existing or past fact; misrepresentation made with knowledge of falsehood; with the intention that plaintiffs rely on the misrepresentation ; with reliance by plaintiffs; and damages to plaintiffs.

43.    Defendants, through their acts, committed equitable fraud on plaintiffs.

44.    Defendants, through their acts, did fraudulently conceal by failing to disclose material facts that defendants had a duty to disclose.

## TWELFTH COUNT
### (Federal Trade Commission Act)

45.    Defendants, through their acts, did violate the Federal Trade Commission Act, 15 USCA Sec 41, by engaging in unfair and deceptive acts and practices affecting commerce.

## THIRTEENTH COUNT
### (Lanham Act)

46.    Defendants, by their acts, did violate the Lanham Trademark Act, 15 USCA Sec 1051-1127, by engaging in activities which materially affected Pinnacle Choice.

## FOURTEENTH COUNT
### (Negligence)

47a.   Defendants, through their agents, servant and employees, were negligent in their telemarketing; recruitment, labor union insurance enrollment; billing; removal/termination of distributorships; accounting practices to the detriment of plaintiffs.

47b.   The "Summit System:, which is proprietary software owned and/or operated by defendants, was defective resulting in billing and insurance coverage errors.

## FIFTEENTH COUNT
### (Breach of Covenant of Good Faith and Fair Dealing)

48.   Defendants, by their conduct, did breach the implied covenant of good faith and fair dealing with plaintiffs.

## SIXTEENTH COUNT
### (Punitive Damages)

49.   The conduct of defendants, through their agents, servants and employees, was intentionally deceitful and/or fraudulent and/or criminal.

50.   The conduct of defendants, through their agents, servants and employees, was willful and wanton.

51.   Plaintiffs are entitled to punitive damages from defendants under the New Jersey Punitive Damages Act.

## REMEDIES

WHEREFORE, plaintiffs demand judgment from defendants, jointly and severally, as follows:

A.   Compensatory Damages;

B.   Treble Damages;

C.     Punitive Damages;

D.     Statutory Damages;

E.     Reasonable attorney fees and costs;

F.     Interest;

G.     Costs of suit;

H.     Accounting of revenues, expenses, charges, credit card/

debit card charges and charge-backs, insurance enrollment

data and other financial and business records;

I.     Such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by a jury of six (6) persons on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, Michael F. Lombardi, Esq., is hereby designated as trial counsel.

## CERTIFICATION; R. 4:5-1

The undersigned certifies that, to the best of his knowledge and belief, there is not pending or contemplated any other relevant action or arbitration proceeding related to the subject matter of this lawsuit. All reasonably related parties have been impleaded herein.

I certify that the foregoing statements made by me are true. I am aware that if any statement contained herein is willfully false, I am subject to punishment.

LOMBARDI & LOMBARDI, P.A.

Dated: December 20, 2006        By: _____
                                     Michael F. Lombardi

# **EXHIBIT C**

**SAUL EWING LLP**
A Delaware LLP
John J. Pribish, Esq.
Christine M. Pickel, Esq.
750 College Road East, Suite 100
Princeton, NJ 08540
(609) 452-3100





*Attorneys for Defendants*

Steven Silverstien,
Jonathan Silverstein,
Jason Skole,
Kevin Renert,
Anthony Materia,
Harvey Silverstein,
Jorge Saavodra,
Ronald Lachica,
Evan Katz,
Gregory Shaw,
Errohl Miller,

Health Care Plans, Inc.,
Health Plan Network, Inc.,
Insurance USA, Health Savings Network, Inc.,
Prime Health Network,
Healthcare Direct, *and*
Capital Health, Inc.

---

PINNACLE CHOICE, INC., a corporation
organized in the State of New Jersey;
PINNACLE INSURANCE SOLUTIONS, LLC,
a limited liability company organized in the
State of New Jersey; MICHAEL EVAN
CARAIMITROPOULO, a New Jersey resident,

Plaintiff,

v.

STEVEN SILVERSTEIN, an individual;
JONATHAN SILVERSTEIN, and individual;
JASON SKOLE, and individual; KEVIN
RENERT, an individual; ANTHONY
MATERIA, an individual; HARVEY
SILVERSTEIN, and individual; JOROS
SAAVODRA, an individual; RONALD
LACHICA, an individual; ANN-MARIE
LIPSKY, an individual; DAVID L. LIPSKY; an
individual; EVAN KATZ, an individual;
CHRISTOPHER SABATH, an individual;
KARL TAYLOR, an individual; GREGORY
SHAW, an individual; ERROL MILLER, an

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ESSEX COUNTY

Civil Action No.  ESX-L-10447-06

**NOTICE OF FILING OF NOTICE OF
REMOVAL**

979917.1 3/23/07

individual; HEALTH CARE PLANS, INC., a
corporation; HEALTH PLAN NETWORK,
INC., INSURANCE USA, a business entity;
HEALTH SAVINGS NETWORK, INC., a
business entity; FIRST NATIONAL, a business
entity; PRIME HEALTH NETWORK, a
business entity; HEALTHCARE DIRECT, a
business entity; COVERGENT HEALTH, a
business entity; CAPITAL HEALTH, INC., a
business entity; ADL INSURANCE/PREMIER
HEALTH, a business entity; JOHN DOE 1-10, a
fictitiously named individual; ABC COMPANY
1-10, a fictitiously named business entity,

                    Defendants.

PLEASE TAKE NOTICE that Defendants Health Care Plans, Inc., with its principal

place of business at 4300 North University Drive, Suite E-106, Lauderhill, Florida 33351, Health

Plan Network, Inc., with its principal place of business at 4300 North University Drive, Suite F-

200, Lauderhill, Florida 33351, Insurance USA, with its principal place of business at 4300

North University Drive, Suite E-106, Lauderhill, Florida 33351, Health Savings Network, Inc.

with its principal place of business at 4300 North University Drive, Suite F-203, Lauderhill,

Florida 33351, Prime Health Network, with its principal place of business at 4300 North

University Drive, Suite E-106, Lauderhill, Florida 33351, and Healthcare Direct, with its

principal place of business at 600 S. Federal Highway #204, Deerfield Beach, Florida 33441, and

Capital Health, Inc., with principal place of business at 1919 NW 19th Street #6-624, Ft.

Lauderdale, Florida 33311, and Defendants Steven Silverstein, an individual residing at 1873

Hidden Trail Lane, Weston Florida 33327, Jonathan Silverstein, an individual residing at 1726

Royal Grove Way, Weston Florida 33327, Jason Skole, an individual residing at 9170 Broad

Street, Boca Raton, Florida 33434, Kevin Renert, an individual residing at 5690 89th Avenue,

Coral Springs, Florida, 33067, Anthony Materia, an individual residing at 3087 60th Street, Boca

Raton, Florida 33496, Harvey Silverstein, an individual residing at 3200 N. Ocean Blvd. #502,

Ft. Lauderdale, Florida 33308, Jorge Saavodra, an individual residing at 3688 NW 83rd Lane,

Sunrise, Florida 33351, Ronald Lachica, an individual residing at 4215 North University Drive,

#101, Lauderhill, Florida 33351, Evan Katz, an individual residing at 10660 NW 18th Place,

Plantation, Florida 33322, Gregory Shaw, an individual residing at 3649 NW 83rd Lane, Sunrise,

Florida 33351, and Errohl Miller, an individual residing at 14876 Enclave Lakes Drive, Delray

Beach, Florida 33484, have filed on this day a Notice of Removal of the above-captioned matter

in the United States District Court for the District of New Jersey. A copy of the Notice of

Removal filed in the District Court is attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d),

the filing of the Notice of Removal, together with the filing of a copy of that Notice with this

Court, effects the removal of this action.

Respectfully submitted,

SAUL EWING LLP
A Delaware LLP

By: _____

John J. Pribish
750 College Road East, Suite 100
Princeton, NJ 08540
TEL: (609) 452-3100
FAX: (609) 452-3122

Attorneys for Defendants

Dated: March 26, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of March 2007, I caused copies of the foregoing

Notice of Removal to be mailed via Federal Express to the following:

Michael F. Lombardi, Esq.
Lombardi & Lombardi, P.A.
1862 Oak Tree Road
P.O. Box 2065
Edison, New Jersey 08818-2065
Attorneys for Plaintiffs,
Pinnacle Choice, Inc.,
Pinnacle Insurance Solutions, LLC,
and
Michael Evans Cardimitropoulo

_____
John J. Pribish

979917.1 3/26/07

# EXHIBIT A

**SAUL EWING LLP**
A Delaware LLP
John J. Pribish, Esq.
Christine M. Pickel, Esq.
750 College Road East, Suite 100
Princeton, NJ 08540
(609) 452-3100

*Attorneys for Defendants*

| | |
|---|---|
| Steven Silverstien, | Health Care Plans, Inc., |
| Jonathan Silverstein, | Health Plan Network, Inc., |
| Jason Skole, | Insurance USA, Health Savings Network, Inc., |
| Kevin Renert, | Prime Health Network, |
| Anthony Materia, | Healthcare Direct, *and* |
| Harvey Silverstein, | Capital Health, Inc. |
| Jorge Saavodra, | |
| Ronald Lachica, | |
| Evan Katz, | |
| Gregory Shaw, | |
| Errohl Miller, | |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

PINNACLE CHOICE, INC., a corporation
organized in the State of New Jersey;
PINNACLE INSURANCE SOLUTIONS, LLC,
a limited liability company organized in the
State of New Jersey; MICHAEL EVAN
CARAIMITROPOULO, a New Jersey resident,

        Plaintiff,

    v.

STEVEN SILVERSTEIN, an individual;
JONATHAN SILVERSTEIN, and individual;
JASON SKOLE, and individual; KEVIN
RENERT, an individual; ANTHONY
MATERIA, an individual; HARVEY
SILVERSTEIN, and individual; JOROS
SAAVODRA, an individual; RONALD
LACHICA, an individual; ANN-MARIE
LIPSKY, an individual; DAVID L. LIPSKY; an
individual; EVAN KATZ, an individual;

**NOTICE OF REMOVAL**

Civil Action No.

CHRISTOPHER SABATH, an individual;
KARL TAYLOR, an individual; GREGORY
SHAW, an individual; ERROL MILLER, an
individual; HEALTH CARE PLANS, INC., a
corporation; HEALTH PLAN NETWORK,
INC., INSURANCE USA, a business entity;
HEALTH SAVINGS NETWORK, INC., a
business entity; FIRST NATIONAL, a business
entity; PRIME HEALTH NETWORK, a
business entity; HEALTHCARE DIRECT, a
business entity; COVERGENT HEALTH, a
business entity; CAPITAL HEALTH, INC., a
business entity; ADL INSURANCE/PREMIER
HEALTH, a business entity; JOHN DOE 1-10, a
fictitiously named individual; ABC COMPANY
1-10, a fictitiously named business entity,

Defendants.

Pursuant to 28 U.S.C. § 1441, Defendants Steven Silverstien, Jonathan Silverstein, Jason Skole, Kevin Renert, Anthony Materia, Harvey Silverstein, Jorge Saavodra, Ronald Lachica, Evan Katz, Gregory Shaw, Errohl Miller, Health Care Plans, Inc., Health Plan Network, Inc., Insurance USA, Health Savings Network, Inc., Prime Health Network, Healthcare Direct, and Capital Health, Inc. (collectively referred to as "Defendants") remove this action to this Court. In support of removal, Defendants state as follows:

1.    This Notice of Removal is being filed within thirty days after receipt by Defendants of copies of the Complaint and is therefore timely pursuant to 28 U.S.C. § 1446(b). Defendants received copies of the Complaint, Jury Demand and Certification of Trial Counsel by hand delivery by the Sheriff's office of the Counties of Broward and Palm Beach on February 23, 2005. Copies of the documents received on that date are attached hereto as Exhibit A.

2.    The documents attached as <u>Exhibit A</u> constitute all process, pleadings, and orders served on Defendants in this action.

3.    This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by the Defendants pursuant to 28 U.S.C. § 1441(a) and (c).

a.    The Plaintiffs allege several causes of action based upon federal law and over which this Court maintains original jurisdiction, including counts for violation of (a) "federal consumer laws and regulations"; (b) the Federal Racketeering, Influence and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968; (c) the Federal Trade Commission Act, 15 U.S.C. § 41; and (d) the Lanham Act, 15 U.S.C. §§ 1051-1137.

b.    The Plaintiffs also allege multiple counts based on state law, including New Jersey statutory law.    This Court can exercise supplemental jurisdiction over the entire case pursuant to 28 U.S.C. § 1367(a).

c.    For the foregoing reasons, removal of this action is proper pursuant to 28 U.S.C. § 1441(a) and (c).

4.    This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be removed to this Court by the Defendants pursuant to 28 U.S.C. § 1441(a).

a.    The Plaintiff and Defendants are citizens of different states.  The Plaintiffs are New Jersey corporations with their principal places of business in New Jersey and an individual who is a citizen of New Jersey.  Defendants are Florida corporations with their principal places of business in Florida and

individuals who are citizens of Florida. Thus, there is complete diversity between the Plaintiffs and Defendants.

b.  This is a civil action in which the alleged matter in controversy exceeds the sum or value of $75,000.00 (seventy-five thousand dollars), exclusive of interest and costs. Plaintiffs seek alleged damages for Breach of Contract (Fourth Count); Breach of Fiduciary Obligation (Fifth Count); Criminal Conduct (Sixth Count); Violations of State and Federal Consumer Laws and Regulations (Seventh Count); Violation of 18 U.S.C. §§ 1961-1968 (Eighth Count); Violations of N.J.S.A. 2C:41:1.1 (Ninth Count); Tortious Interference (Tenth Count); Common Law Fraud (Eleventh Count); Violations of 15 U.S.C.A. § 41 (Twelfth Count); Violations of 15 U.S.C.A §§ 1051-1127 (Thirteenth Count); Negligence (Fourteenth Count); Breach of Covenant of Good Faith and Fair Dealing (Fifteenth Count); and Punitive Damages (Sixteenth Count). Plaintiffs' Complaint includes, but is not limited to, demands for the following damages: "(a) Compensatory Damages; (b) Treble Damages; (c) Punitive Damages; (d) Statutory Damages; (e) Reasonable attorney fees and costs; (f) Interest; (g) Costs of suit; (h) Accounting of revenues, expenses, charges, credit card/ debit card charges and charge-backs, insurance enrollment data and other financial and business records." Plaintiffs allege economic loss exceeding $50,000,000.00 in Paragraphs 32-33 of their Complaint. The amount in controversy requirement is satisfied on this basis alone. However, Plaintiffs also seek the recovery of punitive

damages and attorneys' fees. These amounts must also be considered in determining whether the amount in controversy requirement has been met. A long line of decisions clearly establishes the proposition that exemplary or punitive damages, when they are permitted to be awarded under the governing substantive law for the claim being asserted by the plaintiff, can be included in determining whether the jurisdictional amount in controversy requirement has been met. 14B WRIGHT & MILLER FEDERAL PRACTICE AND PROCEDURE § 3702 (West 1998). Similarly, attorneys' fees are includible in computing the jurisdictional amount if the plaintiff may recover them as an alleged element of damages, either pursuant to a governing statute or under the district court's equitable power to award fees. *Id.*

c.    For the foregoing reasons, removal of this action is proper pursuant to 28 U.S.C. § 1441.

5.    A true and correct copy of this Notice is being sent today via overnight mail for filing tomorrow with the Clerk of the Superior Court of New Jersey, Law Division, Essex County pursuant to 28 U.S.C. § 1446(d).

6.    Written notice of the filing of this Notice has been served on counsel for Plaintiff, pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

SAUL EWING LLP
A Delaware LLP

By: _____

    John J. Pribish  (JP6351)
    750 College Road East, Suite 100
    Princeton, NJ 08540
    TEL: (609) 452-3100
    FAX: (609) 452-3122

Attorneys for Defendants

Dated: March 26, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of March 2007, I caused copies of the foregoing

Notice of Removal to be mailed via Federal Express to the following:

Michael F. Lombardi, Esq.
Lombardi & Lombardi, P.A.
1862 Oak Tree Road
P.O. Box 2065
Edison, New Jersey 08818-2065
Attorneys for Plaintiffs,
Pinnacle Choice, Inc.,
Pinnacle Insurance Solutions, LLC,
and
Michael Evans Cardimitropoulo

John J. Pribish   (JP6351)

978247.1 3/26/07

**EXHIBIT A**

MAR 13 2007 14:35 FR SAUL EWING 215 972 7725 TO 47300218034905268 P.02/40

LOMBARDI & LOMBARDI, P.A.
1862 Oak Tree Road
Post Office Box 2065
Edison, New Jersey 08818
(732) 906-1500 File No. 06-19415MFL
Attorneys for Plaintiff(s)



FINANCE DIVISION
RECEIVED/FILED

| | |
|---|---|
| PINNACLE CHOICE, INC., a corporation organized in the State of New Jersey; PINNACLE INSURANCE SOLOUTIONS, LLC, a limited liability company organized in the State of New Jersey; MICHAEL EVAN CARADIMITROPOULO, a New Jersey resident,<br><br>Plaintiffs<br><br>v.<br><br>STEVEN SILVERSTEIN, an individual; JONATHAN SILVERSTEIN, an individual; JASON SKOLE, an individual; KEVIN RENERT, an individual; ANTHONY MATERIA, an individual; HARVEY SILVERSTEIN, an individual; JOROS SAAVODRA, an individual; RONALD LACHICA, an individual; ANN-MARIE LIPSKY, an individual; DAVID L. LIPSKY, an individual; EVAN KATZ, an individual; CHRISTOPHER SABATH, an individual; KARL TAYLOR, an individual; GREGORY SHAW, an individual; ERROL MILLER, an individual; HEALTH CARE PLANS, INC., a corporation; HEALTH PLAN NETWORK, INC.; INSURANCE USA, a business entity; HEALTH SAVINGS NETWORK, INC., a business entity; FIRST NATIONAL, a business entity; PRIME HEALTH NETWORK, a business entity; HEALTHCARE DIRECT, a business entity; CONVERGENT HEALTH, a business entity; CAPITAL HEALTH, INC., a business entity; ADL INSURANCE/PREMIER HEALTH, a business entity; JOHN DOE 1-10, a | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ESSEX COUNTY<br><br>DOCKET NO.<br><br>CIVIL ACTION<br><br>COMPLAINT; JURY DEMAND; DESIGNATION OF TRIAL COUNSEL; CERTIFICATION |

fictitiously named individual; ABC                    :
COMPANY 1-10, a fictitiously named                    :
business entity,                                      :
                                                     :
            Defendants.                               :
-----------------------------------------------------

Plaintiffs, Pinnacle Choice, Inc., a corporation organized in the State of New Jersey,

and Pinnacle Insurance Solutions, LLC, a limited liability company organized in the State of

New Jersey, doing business at 632 Pompton Avenue, Township of Cedar Grove, County of

Essex and State of New Jersey, and Michael Evans Caradimitropoulo, an individual,

residing at 7 Woodland Road, Township of West Caldwell, County of Essex and State of

New Jersey, by way of Complaint against the defendants say:

## FIRST COUNT
### (Identification of Parties and Businesses)

1.    At all times mentioned herein, plaintiff, Pinnacle Choice, Inc., a corporation

organized in the State of New Jersey (hereinafter "Pinnacle Choice"), was in the business of

development of a medical benefits discount plan and the sale and distribution of medical

benefits discount cards to consumers.  This service is not medical/health insurance; it is a

discount plan for medical, dental, hearing, vision, prescription, chiropractic and other health

related products and services.

2.    At all times mentioned herein, Pinnacle Health Solutions, LLC, a limited

liability company organized in the State of New Jersey (hereinafter "Pinnacle Health") was

engaged in the marketing, telemarketing business and was charged with marketing,

recruiting and enrolling of distributors of Pinnacle Choice, which distributors would be

would be offered membership into a labor union and, at their option, purchase labor union sponsored health insurance benefits. These distributors would sell the Pinnacle Choice medical benefits discount card to consumers. Distributors of Pinnacle Choice would be charged monthly for the cost of labor union health insurance and other charges, including a charge for licensing and professional services rendered by Pinnacle Insurance Solutions, LLC (hereinafter "Pinnacle Insurance").

3.    Plaintiff, Michael Evan Caradimitropoulo (hereinafter "Michael Evans"), is a principal of Pinnacle Choice, Pinnacle Health and Pinnacle Insurance. Plaintiff, Michael Evans, was a member of Pinnacle Health, a New Jersey limited liability company.

4.    Defendants, Steven Silverstein, Jonathan Silverstein, Jason Skole, Kevin Renert and Anthony Materia, along with plaintiff, Michael Evans, were members of Pinnacle Health under the terms of a Operating Agreement effective October 10, 2005. Defendants, Steven Silverstein, Jonathan Silverstein, Jason Skole, Kevin Renert and Anthony Materia were charged with the operation and management of the telemarketing center in the State of Florida, were marketing and recruitment services were rendered.

5a.    Defendant, Health Care Plans, Inc. and its principals, defendants, Steven Silverstein and Jason Skole, conduct telemarketing business from 4300 North University Drive, Suite E 106, Lauderhill, Florida 33351.

5b.    Defendant, Health Plans Network, Inc., and its principals, defendants, Anthony Materia, Jonathan Silverstein and Kevin Renert, conduct telemarketing business from 4300 North University Drive, Suite E 106, Lauderhill, Florida 33351.

5c.    Defendants Health Care Plans, Inc. and Health Plans Network, Inc., were engaged by plaintiff, Pinnacle Choice, to provide telemarketing and recruiting of distributors from plaintiff, Pinnacle Choice.

6.    Defendant, Insurance USA, through its principal, defendant, Harvey Silverstein, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

7.    Defendant, First National, through its principal, defendant, Joros Saavodra, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

8.    Defendant, Healthcare Direct, through its principal, defendant, Errol Miller, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

9.    Defendant, Convergent Health, through its principal, defendant, Karl Taylor, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

10.    Defendant, Capital Health, Inc., through its principal, defendant, Ronald Lachica, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

11.    Defendant, ADL Insurance/Premier Health, through its principal, defendant, Ann-Marie Lipsky, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

12.    Defendant, Premier Health Plans, Inc., through its principal, defendant, David L. Lipsky, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

13.    Defendant, Health Savings Network, Inc., through its principal, defendant, Evan Katz, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

14.    Defendant, Premier Health Network, through its principal, defendant, Gregory Shaw, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

15.    Defendant, ABC Company #1, through its principal, defendant, Christopher Sabath, was engaged by Pinnacle Choice as an independent marketing representative to telemarket and recruit distributors for Pinnacle Choice.

## SECOND COUNT
### (Jurisdiction and Venue)

16.    The operating agreement for Pinnacle Health Solutions, LLC provides that the agreement and the rights and obligations of the parties are governed by and interpreted in accordance with the laws of the State of New Jersey.

17.    The billing for charges to distributors of plaintiff, Pinnacle Choice, were handled through credit cards/debit cards/merchant accounts of plaintiff, Pinnacle Insurance.

## THIRD COUNT
### (Factual Allegations)

18.    In or around 2005, plaintiff, Pinnacle Insurance, and related Pinnacle companies began operations which generated two (2) types of revenue from two (2)

different sources.

19a.    The first source was from the establishment between plaintiff, Pinnacle Insurance, and an individual of a distributorship relationship whereby the individual would sell to individuals a medical benefits savings or discount card for savings and discounts on medical services and products.    This product was not the sale of insurance, merely a discount card on health related service and products.

19b.    The second source was from the establishment of an outside distributorship to sell Pinnacle Choice products.    Newly recruited distributors were given the option of joining a labor union and purchasing health benefits from that labor union.    Distributors of Pinnacle would be charged monthly for the cost of labor union health insurance and other charges, including a charge for licensing and professional services rendered by plaintiff, Pinnacle Insurance.

20.    In 2005, defendants, Steven Silverstein, Jonathan Silverstein, Kevin Renert Jason Skole and Anthony Materia, individually and as officers of defendant, Health Care Plans, Inc. and Health Plan Network, Inc., represented and warranted to plaintiffs that the former individuals and companies had proprietary software, which would manage and handle the recruitment of distributors for Pinnacle Choice including solicitation, enrollment, billing, union membership, termination of distributorships, and all issues related to marketing, enrollment, union membership, distributorship status and payment related issues.

21.    The responsibilities of plaintiff, Pinnacle Insurance, was to arrange for established labor union membership, to negotiate union pricing, to receive revenues, pay expenses, including insurance coverage provided by the labor union.

22.    In or around October 2005, plaintiff, Michael Evans, and defendants, Steven Silverstein, Jason Skole, Jonathan Silverstein, Kevin Renert and Anthony Materia, entered as members into an operating agreement for Pinnacle Health, which was organized to arrange for plaintiffs, Pinnacle Choice and Pinnacle Insurance, the services described in paragraph 20 of this Complaint.

23.    In or around October 2005, plaintiff, Pinnacle Choice, entered into arrangements with the following individuals and entities for the performance of some or all of the services described in paragraph 20 hereof:

(a)    Defendant, Health Care Plans, Inc.

(b)    Defendant, Health Plan Network, Inc.

(c)    Insurance USA

(d)    Health Savings Network, Inc.

(e)    First National

(f)    Healthcare Direct

(g)    Convergent Health

(h)    Capital Health, Inc.

(i)    ADL Insurance/Premier Health

(j)    Harvey Silverstein

(k)    Joros Saavodra

(l)    Ronald Lachica

(m)    Ann-Marie Lipsky

(n)    David L. Lipsky

(o)     Evan Katz

(p)     Errol Miller

(q)     Christopher Sabath

(r)     Karl Taylor

(s)     Gregory Shaw

(t)     John Doe 1-3

(u)     ABC Company 1-3

24.     Pursuant to the arrangements, the defendants were paid commissions.

25.     Defendants, jointly and severally, did mishandle the recruitment of distributors, the billing of distributors, the enrollment of distributors into the labor union medical plan, the removal of non-paying distributors from the labor union medical plan.

26.     Defendants, jointly and severally, did underbill distributors for previously agreed upon processing expenses at the rate of $10.00 per distributor per month, resulting in losses to plaintiffs estimated at $256,610.00 to date.

27.     Defendants, by failing to remove from union coverage non-paying distributors, incurred for plaintiffs union insurance coverage expenses on non-paying members with a resultant loss to plaintiffs of $334,059.00.

28.     Defendants, jointly and severally, through their recruitment and billing practices in 2005 and 2006, incurred for plaintiffs charge-backs on the merchant credit/debit accounts in the estimated amount of $209,171.00.

29.     Defendants, jointly and severally, overcharged to plaintiffs commission estimated at $217,505.00 for the period between October 2005 and pre-suit.

30. Defendants, jointly and severally, through their agents, servants and employees, did commit certain fraudulent and/or unconscionable practices in connection with their telemarketing efforts and the recruitment of distributors by making misrepresentations to consumers regarding the nature of the products and services being provided.

31. The fraudulent and/or unconscionable conduct of defendants resulted in disputed merchant account charges for plaintiffs, resulting in complaints being filed against plaintiffs by state insurance regulators and resultant fines, all of which damaged plaintiff's business reputation.

32. The conduct of the defendants resulted in plaintiff's estimated economic loss in excess of $1,000,000.00 as follows:

| | | |
|---|---|---|
| (1) | Underbilling of accounts ................................ | $ 256,610 |
| (2) | Union Insurance Coverage for Non-Paying Distributors | 334,059 |
| (3) | Credit/Debit Card Charge-backs ........................ | 209,171 |
| (4) | Commission Overpayments to Distributors ............ | 217,505 |
| | | $1,017,345 |

33. As a result of defendants' conduct, plaintiffs were deprived of prospective economic advantage of the proprietary system that plaintiffs created for the sale of medical savings discount plans and the recruitment of distributors. Plaintiffs estimated that the loss of prospective economic advantage suffered by plaintiffs due to the conduct of defendants is $50,000,000.00.

## FOURTH COUNT
### (Breach of Contract)

34.    The conduct of defendants, jointly and severally, constitutes breach of contract resulting in damages to plaintiffs.

## FIFTH COUNT
### (Breach of Fiduciary Obligation)

35.    Defendants, through their acts, did breach fiduciary duties to plaintiffs resulting in damages to plaintiffs.

## SIXTH COUNT
### (Criminal Conduct)

36.    Defendants, through their acts, did violate criminal laws, including fraud, embezzlement, theft and other criminal laws.

## SEVENTH COUNT
### (Violation of State and Federal Consumer Laws and Regulations)

37.    Defendants, through their acts, did violate federal and state consumer laws and regulations pertaining to the sale of product and services to consumers.

## EIGHTH COUNT
### (Federal "RICO")

38.    Defendants, through their acts, did violate the Federal Racketeering, Influence and Corrupt Organizations Act (RICO), 18 USC. sec 1961-1968, as they received income derived directly or indirectly from a pattern of criminal racketeering activity.

## NINTH COUNT
### (State "RICO")

39.    Defendants, through their acts, did violate the New Jersey RICO Act, NJSA 2C:41-1.1, et seq.

## TENTH COUNT
### (Tortious Interference)

Defendants, through their acts, did tortiously interfere with the prospective

40.

advantages of plaintiffs.

Defendants, through their acts, did tortiously interfere with the contract rights

## ELEVENTH COUNT
### (Common Law Fraud)

Defendants, through their acts, did commit legal fraud consisting of material

misrepresentation of existing or past fact; misrepresentation made with knowledge of

falsehood; with the intention that plaintiffs rely on the misrepresentation ; with reliance by

plaintiffs; and damages to plaintiffs.

43.    Defendants, through their acts, committed equitable fraud on plaintiffs.

44.    Defendants, through their acts, did fraudulently conceal by failing to disclose

that defendants had a duty to disclose.

## TWELFTH COUNT
### (Federal Trade Commission Act)

Defendants, through their acts, did violate the Federal Trade Commission

41, by engaging in unfair and deceptive acts and practices affecting

## THIRTEENTH COUNT
### (Lanham Act)

46.    Defendants, by their acts, did violate the Lanham Trademark Act, 15 USCA

Sec 1051-1127, by engaging in activities which materially affected Pinnacle Choice.

## FOURTEENTH COUNT
### (Negligence)

47a.    Defendants, through their agents, servant and employees, were negligent in their telemarketing; recruitment, labor union insurance enrollment; billing; removal/termination of distributorships; accounting practices to the detriment of plaintiffs.

47b.    The "Summit System:, which is proprietary software owned and/or operated by defendants, was defective resulting in billing and insurance coverage errors.

## FIFTEENTH COUNT
### (Breach of Covenant of Good Faith and Fair Dealing)

48.    Defendants, by their conduct, did breach the implied covenant of good faith and fair dealing with plaintiffs.

## SIXTEENTH COUNT
### (Punitive Damages)

49.    The conduct of defendants, through their agents, servants and employees, was intentionally deceitful and/or fraudulent and/or criminal.

50.    The conduct of defendants, through their agents, servants and employees, was willful and wanton.

51.    Plaintiffs are entitled to punitive damages from defendants under the New Jersey Punitive Damages Act.

## REMEDIES

**WHEREFORE**, plaintiffs demand judgment from defendants, jointly and severally, as follows:

A.    Compensatory Damages;

B.    Treble Damages;

C.      Punitive Damages;

D.      Statutory Damages;

E.      Reasonable attorney fees and costs;

F.      Interest;

G.      Costs of suit;

H.      Accounting of revenues, expenses, charges, credit card/ debit card charges and charge-backs, insurance enrollment data and other financial and business records;

I.      Such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by a jury of six (6) persons on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, Michael F. Lombardi, Esq., is hereby designated as trial counsel.

## CERTIFICATION; R. 4:5-1

The undersigned certifies that, to the best of his knowledge and belief, there is not pending or contemplated any other relevant action or arbitration proceeding related to the subject matter of this lawsuit. All reasonably related parties have been impleaded herein.

I certify that the foregoing statements made by me are true. I am aware that if any statement contained herein is willfully false, I am subject to punishment.

LOMBARDI & LOMBARDI, P.A.

Dated: December 20, 2006

By: _____

Michael F. Lombardi

**EXHIBIT D**

**Saul Ewing, LLP**
A Delaware LLP
750 College Road East
Princeton, NJ 08540
*Attorneys for Defendants,*

| | | |
|---|---|---|
| Steven Silverstien | Jorge Saavodra | Health Plan Network, Inc. |
| Jonathan Silverstein | Ronald Lachica | Insurance USA, Health Savings |
| Jason Skole | Evan Katz | Network, Inc. |
| Kevin Renert | Gregory Shaw | Prime Health Network |
| Anthony Materia | Errohl Miller | Healthcare Direct |
| Harvey Silverstein | Health Care Plans, Inc. | Capital Health, Inc. |

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PINNACLE CHOICE, INC., a corporation organized in the State of New Jersey; et al<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN SILVERSTEIN, an individual, et al,<br><br>Defendants. | Civil Case No. 2:07-cv-1379<br><br><br>**NOTICE OF MOTION OF DEFENDANTS' MOTION TO DISMISS** |

To:  Michael F. Lombardi, Esq.
Lombardi & Lombardi, P.A.
1862 Oak Tree Road
P.O. Box 2065
Edison, New Jersey 08818-2065

Sir:

PLEASE TAKE NOTICE that on Monday, May 14, 2007, at 9:00 o'clock in the forenoon or as soon thereafter as counsel may be heard, the undersigned attorneys for Defendants Steven Silverstein, Jonathan Silverstein, Jason Skole, Kevin Renert, Anthony Materia, Harvey Silverstein, Jorge Saavodra, Ronald Lahica, Evan Katz, Gregory Shaw, Errohl Miller, Health Care Plans, Inc., Health Plan Network, Inc., Insurance USA, Health Savings Network, Inc., Prime Health Network, Healthcare Direct, and Capital Health, Inc. (collectively

referred to as "Defendants") shall move before the United States District Court for the District of

New Jersey, United States Courthouse, M.L. King, Jr. Federal Building and U.S. Courthouse, 50

Walnut Street, Newark, New Jersey, pursuant to Federal Rules of Civil Procedure 12(b)(6), for

an Order Dismissing the Plaintiffs' Complaint.

     **PLEASE TAKE FURTHER NOTICE** that in support of this motion, the undersigned

shall rely upon the Memorandum of Law filed on April 16, 2007.

 

                              **SAUL EWING, LLP**
                              A Delaware Limited Liability Partnership

                              _____s/ John J. Pribish_____
                              John J. Pribish  (JP6351)
                              750 College Road East, Suite 100
                              Princeton, New Jersey 08540
                              TEL: (609)452-3100
                              FAX: (609)452-3122

Dated:  April 16, 2007

**Watson, Patricia A.**

| | |
|---|---|
| **From:** | njdefiling@njd.uscourts.gov |
| **Sent:** | Monday, April 16, 2007 3:47 PM |
| **To:** | ecfhelp@njd.uscourts.gov |
| **Subject:** | Activity in Case 2:07-cv-01379-DMC-MF PINNACLE CHOICE, INC. et al v. SILVERSTEIN et al Motion to Dismiss |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

District of New Jersey [LIVE]

**Notice of Electronic Filing**

The following transaction was entered by PRIBISH, JOHN on 4/16/2007 at 3:46 PM EDT and filed on 4/16/2007
**Case Name:**     PINNACLE CHOICE, INC. et al v. SILVERSTEIN et al
**Case Number:**   2:07-cv-1379
**Filer:**         STEVEN SILVERSTEIN
                   JONATHAN SILVERSTEIN
                   KEVIN RENERT
                   ANTHONY MATERIA
                   HARVEY SILVERSTEIN
                   JOROS SAAVODRA
                   RONALD LACHICA
                   EVAN KATZ
                   GREGORY SHAW
                   ERROL MILLER
                   HEALTH CARE PLANS, INC.
                   HEALTH PLAN NETWORK, INC.
                   INSURANCE USA
                   HEALTH SAVINGS NETWORK, INC.
                   PRIME HEALTH NETWORK
                   HEALTHCARE DIRECT
                   CAPITAL HEALTH, INC.
**Document Number:** 2

**Docket Text:**
MOTION to Dismiss by JONATHAN SILVERSTEIN, KEVIN RENERT, ANTHONY MATERIA, HARVEY SILVERSTEIN, JOROS SAAVODRA, RONALD LACHICA, EVAN KATZ, GREGORY SHAW, ERROL MILLER, HEALTH CARE PLANS, INC., HEALTH PLAN NETWORK, INC., INSURANCE USA, HEALTH SAVINGS NETWORK, INC., PRIME HEALTH NETWORK,

HEALTHCARE DIRECT, CAPITAL HEALTH, INC., STEVEN SILVERSTEIN.Responses due by 5/14/2007 (PRIBISH, JOHN)

**2:07-cv-1379 Notice has been electronically mailed to:**

MICHAEL FRANCIS LOMBARDI    michaell@lombardiandlombardi.com

JOHN J. PRIBISH    jpribish@saul.com, pwatson@saul.com

**2:07-cv-1379 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=4/16/2007] [FileNumber=1924773-0
] [b52be32830241884ae2c7fea0eb12ff41044ea7e5da751a3bcb0324a366ab47ec49
5e8785bf20f0c33934331134592b9c4d4a990a0246dbdcffcb007220dbc09]]

4/16/2007

# **<u>EXHIBIT E</u>**

SAUL EWING LLP
*A Delaware LLP*
John J. Pribish, Esq.
Christine M. Pickel, Esq.
750 College Road East, Suite 100
Princeton, NJ 08540
(609) 452-3100

| *Attorneys for Defendants* | Jorge Saavodra | Insurance USA, Health Savings |
|---|---|---|
| Steven Silverstien | Ronald Lachica | Network, Inc. |
| Jonathan Silverstein | Evan Katz | Prime Health Network |
| Jason Skole | Gregory Shaw | Healthcare Direct |
| Kevin Renert | Errohl Miller | Capital Health, Inc. |
| Anthony Materia | Health Care Plans, Inc. | |
| Harvey Silverstein | Health Plan Network, Inc. | |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PINNACLE CHOICE, INC., a corporation organized in the State of New Jersey; et al<br><br>         Plaintiffs,<br><br>v.<br><br>STEVEN SILVERSTEIN, an individual, et al,<br><br>         Defendants. | Civil Case No. 2:07-cv-1379<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

## I.    <u>INTRODUCTION</u>

Mindful of the obligation of the Court to accept the allegations of a Complaint as true, that obligation in this particular case must yield to what this Complaint actually is. It is an indecipherable sixteen-count form of Complaint in which Plaintiffs attempt to assert a multitude of causes of action against Defendants. Each Count, on its face, fails to state a claim upon which relief can be granted. Indeed, Plaintiffs fail allege any facts that would tend to support their

claims.  Simply stated, Plaintiffs can prove no set of facts that would support and/or tend to support the alleged causes of action.  In this regard, this Court need not accept Plaintiffs' scatter-shot approach to pleading, nor the untenable assertions that they advance.  Instead, this Court is constrained to dismiss Plaintiffs' Complaint, in its entirety, with prejudice.

## II.    STATEMENT OF FACTS

Plaintiff Michael Evans Caradimitropoulo ("Evans") created several companies to facilitate sales of a product described in the Complaint as a "medical benefits discount card."  First, Evans created Pinnacle Choice, Inc. ("Choice") which provided the discount cards.  Evans also established Pinnacle Insurance Solutions, LLC ("P. Insurance") which purportedly acted as a licensing and financial management company for Choice.  Finally, Evans and Defendants Steven Silverstein, Jason Skole, Kevin Renert, Jonathan Silverstein and Anthony Materia attempted to establish Pinnacle Health Solutions, LLC ("P. Health").  According to P. Health's Operating Agreement, the company's purpose was to recruit "Distributors" for Choice and enroll those Distributors into Choice's union.  "Distributors" were employees of Choice and constituted its sales force.  P. Health used the services of outside telemarketers to solicit Distributors for Choice.

Because the Complaint in this case is in artfully drafted and, as a consequence extremely difficult to decipher, only the following items can be gleaned:

- Plaintiffs are Evans, Choice and P. Insurance.

- Defendants are the remaining members of P. Health and other telemarketers hired to recruit Distributors.

- Plaintiffs complain that Defendants mismanaged the Distributor recruiting process.

- Plaintiffs allege at least eleven causes of action, none of which is properly pled or supported.  For example, Plaintiffs allege that the "conduct of Defendants . . . constitutes breach of contract."  (See ¶ 34).  However, Plaintiffs do not identify any contract(s) which may have been breached.  By way of further example, Plaintiffs

allege that Defendants violated the Lanham Act. This count contains no allegations of trademark infringement or facts that could potentially relate to such a cause of action.

## III.   APPLICABLE LEGAL STANDARD

The Third Circuit concisely set forth the standard for evaluating Rule 12(b)(6) motions:

> . . . [W]e are required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff . . . . A Rule 12(b)(6) Motion should be granted if it appears to a certainty that no relief could be granted under any set of facts which could be proved . . . . [A] **court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.**

Evancho v. Fisher, 423 F.3d 347, 350-351 (3d Cir. 2005) (emphasis added) (internal quotation marks and citations omitted). As this Court has long recognized, "[w]hile the rules do not dictate that a claim set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." A-Valey Engineers, Inc. v. Bd. of Chosen Freeholders of the County of Camden, 106 F. Supp. 2d 711, 714 (D.N.J. 2000) (citing Schanzer v. Rutgers Univ., 934 F. Supp. 669, 673 (D.N.J. 1996)).

With these principles in mind, this Court must analyze each of Plaintiffs' purported causes of action. And, in doing so, even the most careful and generous reading of the Complaint reveals that Plaintiffs offer *only* unacceptable "bald assertions" and "legal conclusions," which have been disguised as factual allegations interwoven with an implausible array of purported legal claims. Thus, even construing the sparse facts one might consider to be in Plaintiffs' favor, this Court should easily find that Plaintiffs have failed to state any claim upon which relief can be granted.

IV.    **LEGAL ARGUMENT**

    A.    **This Court Must Dismiss the Complaint Because Plaintiffs Have Failed to State Even a Single Claim Upon Which Relief Can Be Granted**

Aside from their failure to conform to the proper format for a Complaint, Plaintiffs also fail to provide any cognizable substantive legal theories  Thus, Counts styled as Counts I, II and III are easily disposed of as they assert no cause of action whatsoever.  Moreover, in nearly every other Count, Plaintiffs offer only a one-sentence general statement that Defendants "through their acts" or "by their conduct" committed some malfeasance.  However, such speculative, unsupported allegations are thoroughly insufficient to state a claim for the purported cause of action.  This Court "need not credit [such] 'bald assertions' [and] 'legal conclusions'" in granting Defendants' 12(b)(6) Motion to Dismiss.  Id.

    1.    **Breach of Contract (Fourth Count)**

Plaintiffs' first substantive Count is for breach of contract.  To state such a claim Plaintiffs must demonstrate:  (1) the existence of valid contract; (2) defective performance or breach by defendant; (3) performance by plaintiff; and (4) damages to plaintiff as a result of defendant's actions.  See Coyle v. Englander's, 199 N.J. Super. 212, 233-34 (App. Div. 1985); Lankford v. Irby, 2006 WL 2828555 (D.N.J. 2006).  However, the Complaint merely states that "the conduct of Defendants, jointly and severally, constitutes breach of contract resulting in damages to Plaintiffs." (Complaint, ¶ 34).  Plaintiffs plead no facts that support or even relate to this claim.  The Complaint fails to identify the contract allegedly breached and does not specify the parties to the purported contract.  The Complaint contains only oblique references to an operating agreement but does not explain how that operating agreement relates to the allegations.  Further, the Complaint refers to "arrangements" -- *not* a contract or an agreement -- entered into between Choice and *some* of the named Defendants.  (Complaint, ¶ 23).  Plaintiffs do not

indicate which services the Defendants were to provide either generally and/or specifically, nor how any particular Defendant failed to perform those services. Consequently, this Count is insufficient to impute liability to any of the Defendants, and Plaintiffs have failed to state a claim for breach of contract. Therefore, this Court must dismiss the Fourth Count of Plaintiffs' Complaint with prejudice.

### 2.    Breach of Fiduciary Duty (Fifth Count)

Plaintiffs next allege that "Defendants, through their acts, did breach fiduciary duties to Plaintiffs resulting in damages to Plaintiffs." (Complaint, ¶ 35). New Jersey follows the Restatement (Second) of Torts, Section 874, with respect to the elements of breach of fiduciary duty. See McKelvey v. Pierce, 173 N.J. 26, 57 (2002). The Restatement provides that "[o]ne standing in a fiduciary relation with another is subject to liability to the other for harm resulting from breach of duty imposed by the relation." Rest. 2d Torts, § 874. Further, "[a] fiduciary relation exists between two persons when one of them is under a duty to act for or give advice for the benefit of another upon matters within the scope of the relation." Rest. 2d Torts, § 874, cmt. (a).

This Court will find no allegations as to the existence of a confidential or fiduciary relationship between Plaintiffs and Defendants anywhere in the Complaint. Moreover, Plaintiffs fail to indicate the nature of the duty owed and/or what conduct on the part of Defendants constituted a breach of that duty. This claim is facially deficient, and it is obvious Plaintiffs can prove no set of facts to substantiate this allegation because no fiduciary relationship ever existed. Thus, this Court must dismiss Plaintiffs' Fifth Count.

### 3.    "Criminal Conduct" (Sixth Count)

Plaintiffs next suggest that Defendants "through their acts, did violate criminal laws, including fraud, embezzlement, theft and other criminal laws." (Complaint, ¶ 36). The

Complaint offers absolutely no clue as to which criminal statutes were violated and/or the facts which allegedly support such an assertion. On its face, this Count is frivolous. As a consequence, the Sixth Count is facially deficient and merits dismissal with prejudice.

### 4.    Violation of State and Federal Consumer Laws and Regulations (Seventh Count)

Plaintiffs further contend, in a single-sentence allegation, that Defendants violated both "state and federal consumer laws and regulations." (Complaint, ¶ 37). Once again, Plaintiffs utterly fail to identify the "who", "what", "where" and/or "how" of what it is that the Defendants did and/or did not do. Nor do the Plaintiffs identify which Federal and/or State consumer laws and regulations were violated. Indeed, it is not even clear who the purportedly wronged consumer is in this situation. It is Plaintiffs' responsibility to provide a factual basis for the relief they seek. Because the Plaintiffs have miserably failed to do this, the Court need not waste additional resources to find a claim where none has been stated and/or even exits. As a consequence, this Count must be dismissed with prejudice.

### 5.    "Federal R.I.C.O." Violations (Eighth Count)

The Federal R.I.C.O. statute contains multiple types of prohibitions. See A-Valey Engineers, Inc. v. Bd. of Chosen Freeholders of the County of Camden, 106 F. Supp. 2d 711, 714 (D.N.J. 2000). For example, "Section 1962(b) prohibits any person through a pattern of racketeering activity . . . to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect interstate . . . commerce." Id. at 714-15. On the other hand, Section 1962(c) does not allow a "person employed by or associated with [such an] enterprise . . . to participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." Id. at 715. Each type of prohibition requires the pleading of different elements. Thus, a plaintiff seeking relief under

Section 1962(b) "must allege a specific nexus between control of a named enterprise and the alleged racketeering activity' to survive a Fed.R.Civ.P. 12(b)(6) dismissal." Id. (dismissing § 1962(b) claim for failing to allege a nexus or conduct violative of that section) (quoting Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1411 (3d Cir. 1991)).  But a plaintiff seeking relief under section 1962(c) must show:  "(1) the existence of an enterprise affecting interstate commerce; (2) that the defendant was employed by or associated with the enterprise; (3) that the defendant participated, either directly or indirectly, in the conduct of the affairs of the enterprise, and (4) that defendant participated through a pattern of racketeering activity that must include the allegation of at least two predicate acts." Id. (citations omitted).

As the two above examples illustrate, the pleading requirements of a R.I.C.O. claim are specific to the particular R.I.C.O. violation alleged.  Here, Plaintiffs do not even indicate which provision(s) of 18 U.S.C. § 1962 they intend to invoke.  Plaintiffs do not aver any conduct and/or provide any factual basis that would constitute "racketeering" activity as statutorily defined. Hence, Plaintiffs' simple unsupported assertion that "Defendants, through their acts, did violate [R.I.C.O.], [§§] 1961-1968, as they received income derived directly or indirectly from a pattern of criminal racketeering activity" is so insufficient on its face that it is, without more, frivolous. Consequently, this Court must dismiss the Seventh Count with prejudice.

6.    **New Jersey R.I.C.O. Violations (Ninth Count)**

Plaintiffs allege simply that Defendants violated N.J.S.A. 2C:41-1.1, et seq.  Similar to the federal R.I.C.O. statute, New Jersey's R.I.C.O. statute requires specific pleading.  Once again, Plaintiffs fail to identify any activity and/or provide any factual basis on the part of Defendants that could constitute racketeering.  This claim, on its face, fails.  Once again, this Court must dismiss with prejudice Plaintiffs' Ninth Count.

### 7.    Tortious Interference (Tenth Count)

Plaintiffs unpersuasively assert that Defendants interfered with their prospective economic advantage and contractual relations. Plaintiffs, however, fail to plead any of the elements of these nearly identical torts. Both causes of action require Plaintiffs to demonstrate "(1) that [Plaintiffs] had a reasonable expectation of an economic advantage; (2) that was lost as a direct result of Defendants' malicious interference; and (3) that [they] suffered losses thereby." See M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc., 205 F.Supp. 2d 306, 320 (D.N.J. 2002) (citing Lamorte Burns & Co. v. Walters, 167 N.J. 285 (2001)). The only additional element for an interference with contractual relations claim is proof the existence of a contract. Malice is defined as "harm . . . inflicted intentionally and without justification or excuse." See Lamorte, 167 N.J. at 306 (internal citation omitted).

Plaintiffs fail to state claims for tortious interference because they offer only the bare conclusory allegation that these torts occurred. As discussed above, Plaintiffs have not identified any contract at issue in this matter, nor have they identified any intentionally inflicted harm by the Defendants, nor have they provided an estimate of their reasonable expectation of economic advantage. Additionally, when a tortious interference claim stems out of a contract, as it allegedly does here, an interference with prospective economic advantage claim is duplicative and should be dismissed on that basis alone. See Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc., 49 F. Supp.2d 728, 737 (D.N.J. 1999). This Court must dismiss with prejudice both inadequately pled causes of action contained in Plaintiffs' Tenth Count.

### 8.    Common Law Fraud (Eleventh Count)

In the Eleventh Count of the Complaint, Plaintiffs attempt to list the elements of common law fraud, but do not indicate how the few alleged facts which are interspersed throughout the

Complaint correlate to these elements. Plaintiffs have failed to satisfy the pleading requirements of Rule 9(b) which requires that fraud be pled with specificity.[1] The Complaint, at a minimum, should contain "the circumstances of the alleged fraud . . . the date, place or time of the fraud, or . . . alternate means of injecting precision and some measure of substantiation into their allegations of fraud . . . . Plaintiffs must also allege who made a misrepresentation to whom and the general content of the misrepresentation." Lum v. Bank of America, 361 F.3d 217, 223-24 (3d Cir. 2004) (internal quotation marks and citations omitted) (dismissing R.I.C.O. claim where Plaintiffs did not allege date, time, or place of alleged misrepresentation, transactions in which misrepresentation was made, or who made misrepresentation to whom); see also, A-Valey, 106 F.Supp. 2d at 716 ("a complaint that merely alleges that misrepresentations were made but fails to set forth the nature or subject of the fraud does not satisfy Rule 9(b)").

Here, Plaintiffs have made no such specific averments. In fact, it is not at all evident from the face of the Complaint what material misrepresentation may have occurred, or the party alleged to have made it and/or to whom made. Plaintiffs have plainly failed to specifically plead the elements of a fraud claim and/or the facts that would support the same. Accordingly, this Court must dismiss the Eleventh Count of Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted.

### 9.    Violation of Federal Trade Commission Act ("FTCA") (Twelfth Count)

Plaintiffs broadly allege that Defendants violated 15 U.S.C.A. Section 41, et seq., through "unfair and deceptive acts and practices affecting commerce." (Complaint, ¶ 45). The FTCA is an extremely voluminous statute, and Plaintiffs do not indicate which section of the act is at

---

[1]    New Jersey's Court Rules also require specificity of pleading with respect to allegations of fraud, including the "particulars of the wrong, with dates and items if necessary." See Rule 4:5-8(a).

issue. It is impossible for Defendants or this Court to guess which provision Plaintiffs intend to invoke. Moreover, Plaintiffs' Complaint offers no clues as to the unfair competition Plaintiffs believe to have occurred. This claim is blatantly deficient, and Defendants cannot reasonably respond to such a vague reference to a federal statute. This Court must dismiss the Twelfth Count with prejudice for failure to state a claim upon which relief can be granted.

### 10.    Lanham Act Violation (Thirteenth Count)

The Complaint alleges that Defendants violated 15 U.S.C.A. Sections 1051-1127 "by engaging in activities which materially affected Pinnacle Choice." (Complaint, ¶ 46). Once again, it is simply impossible for Defendants or this Court to guess what trademark infringement could have occurred. As with the R.I.C.O. statutes discussed above, the Lanham Act contains multiple prohibitions and types of unlawful activity. For example, 15 U.S.C.A. section 1114 "'protects trademark owners in the exclusive use of their marks when use by another would be likely to cause confusion.'" Am. Cyanamid Co. v. Nutraceutical Corp., 54 F.Supp. 2d 379, 384 (D.N.J. 1999) (quoting Fisons Horticulture, Inc. v. Vigoro Indus., Inc., 30 F.3d 466, 472 (3d Cir. 1994)). A plaintiff seeking relief pursuant to section 1114 must show: "(1) the mark is valid and legally protectable, (2) the mark is owned by the plaintiff, and (3) the defendant's use of the mark to identify goods or services is likely to create confusion concerning the origin of the good or services." Id. In contrast, the anti-dilution provision at 15 U.S.C.A. section 1125(c), "protect[s] famous marks from unauthorized users that attempt to trade upon the goodwill and established renown of such marks and, thereby, dilute their distinctive quality.'" Id. at 390 (quoting H.R.Rep. No. 104-374, at 3). This cause of action "does not require a finding of a likelihood of confusion." Id. (emphasis added). This Court need not credit Plaintiffs' vague, unsupported legal conclusion that a violation of the Lanham Act occurred, and should dismiss this Count with prejudice.

11.    **Negligence (Fourteenth Count)**

It is hornbook law that to prove negligence, Plaintiffs must demonstrate the existence of a duty, breach of that duty, and that the breach caused Plaintiffs harm. Here, Plaintiffs allege no duty of reasonable care owed by Defendants. Plaintiffs' simple statement that Defendants "mishandled" certain functions that they were allegedly required to perform is insufficient to establish the existence of a duty or a breach of that duty. Plaintiffs cannot prove any set of facts to support this claim and it must be dismissed with prejudice.

V.    **Conclusion**

In a Complaint that can be charitably characterized as rambling and disorganized, it is abundantly clear from the foregoing arguments that the Plaintiffs have not articulated, either specifically and/or vaguely, any facts which could reasonably support any of the causes of action asserted. Indeed, certain of the counts fail to even identify a cause of action while others assert a cause of action without any facts remotely supporting the cause of action. For these reasons, together with the reasons set forth in the foregoing arguments, this Court is constrained to dismiss the Complaint in its entirety with prejudice.

Respectfully submitted,


JOHN J. PRIBISH (JP6351)

# **<u>EXHIBIT F</u>**

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PINNACLE CHOICE, INC., a corporation organized in the State of New Jersey et al, : <br><br> Plaintiffs, : <br><br> v. <br><br> STEVEN SILVERSTEIN, an individual, : et al, : <br><br> Defendants. : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 07-cv-1379 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motions by Defendants Steven Silverstein, et al., ("Defendants") to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and for sanctions pursuant to Rule 11. Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion to dismiss is **granted** and that Defendants' motion for sanctions is **denied**.

I.    **BACKGROUND**

Plaintiff Michael Evan Cardimitropoulo ("Evans") created several companies focusing on the sale of medical benefits discount cards. Compl. ¶¶1, 3. Specifically, Evans created Plaintiff Pinnacle Choice, Inc. ("Pinnacle Choice"), a company which provided discount medical cards and Plaintiff Pinnacle Insurance Solutions, LLC ("Pinnacle Insurance"), which provided licensing and financial management for Pinnacle Choice. Compl. ¶¶1, 3.

Evans and Defendants Steven Silverstein, Jason Skole, Kevin Renert, Jonathan Silverstein and Anthony Meteria attempted to establish Pinnacle Health Solutions, LLC ("Pinnacle Health"). The parties' objective in creating Pinnacle Health was to use it as a means to recruit distributors for Pinnacle Choice. Compl. ¶2. Those distributors were to be enrolled in Pinnacle Choice's union and would ultimately constitute its sales force. Compl. ¶2. Recruiting was accomplished through marketing and telemarketing. Compl. ¶4. Defendants conducted these services through two companies, Health Care Plans, Inc. and Health Plans Network, Inc., both based in Lauderhill, Florida. Compl. ¶5a.

According to the Complaint, Pinnacle Choice entered into a series of agreements with Defendants to provide assistance with proprietary software, recruitment of distributors, marketing, enrollment, union membership, distributorship status and payment related issues. Compl. ¶¶20-22. In a separate agreement between Pinnacle Choice and Defendants, Pinnacle Choice agreed to pay Defendants' commissions in return for telemarketing and recruitment services. Compl. ¶¶20-22. Plaintiffs initiated the instant action, seeking relief based on Defendants' alleged breach of these agreements.

## II.     DISCUSSION

### A.     Pleading Requirements

Federal Rule of Civil Procedure 8(a)(2) provides that pleadings setting forth claims for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy the pleading requirements set forth in Rule 8, a complaint need only establish a basis for judgment against the defendant. Thomas v. Independence Twp., 463 F.3d 285, 295 (3d Cir. 2006). Generally, this requires the plaintiff to put the defendant on notice of the claims filed against him,

thereby making it possible for the defendant to formulate a response. See Klaitz v. N.J., No. 04-529, 2006 WL 1843115, *5 (D.N.J. June 30, 2006).

Additionally, Federal Rule of Civil Procedure 9(b) provides that common law fraud claims must be pled with specificity. To satisfy the Rule 9(b) specificity requirement, Plaintiffs must provide additional information such as the date, time, and place of the alleged fraud or who was responsible for the fraud. See Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004).

**B.      Standard of Review on Rule 12(b)(6) Motion to Dismiss**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Id. at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

**III.    ANALYSIS**

-3-

### A.    Counts One, Two and Three

The first three "Counts" of Plaintiffs' Complaint fail to state a claim upon which relief can be granted. These claims are nothing more than factual allegations. Mere statements of fact do not state a cause of action. Accordingly, Counts One, Two and Three must be dismissed pursuant to Rule 12(b)(6) because they fail to state a claim upon which relief can be granted.

### B.    Count Four

Plaintiffs' Count Four is labeled as a breach of contract claim. The Complaint states that "the conduct of defendants, jointly and severally, constitutes a breach of contract resulting in damages to plaintiff." Compl. ¶34. The Complaint fails to identify several key facts that are necessary to put Defendants on notice of the nature of this claim or to give Defendants an opportunity to answer this Count. For example, the Complaint references "agreements" with several parties, but does not reference any actual contract. Compl. ¶23. Furthermore, Plaintiffs failed to indicate what "conduct" engaged in by what party constituted a breach of contract. See Coyle v. Englander's, 199 N.J. Super. 212, 223-24 (App. Div. 1985) (holding that the essential elements for a cause of action for breach of contract are: a valid contract, defective performance by the defendant, and resulting damages); see also Lankford v. Irby, No. 04-2636, 2006 WL 2828552, *4 (D.N.J. Sept. 29, 2006). Finally, Plaintiffs have failed to identify the damages that resulted from the alleged breach of contract. Accordingly, this Court must dismiss the Fourth Count of Plaintiffs' Complaint for failure to comply with Rule 8.

### C.    Count Five

Plaintiffs' Fifth Count asserts a breach of Defendants' alleged fiduciary duties. The

allegations set forth as to this claim are inadequate because they do not give rise to an inference that a fiduciary relationship existed between Plaintiffs and Defendants. See McKelvey v. Pierce, 173 N.J. 26, 57 (2002); *Restatement (2d) of Torts* § 874. Further, Plaintiffs have failed to assert that Defendants' conduct breached any alleged fiduciary duty. Therefore, this Court must dismiss Plaintiffs' Fifth Count pursuant to Rule 12(b)(6).

### D.    Count Six

Plaintiffs' Sixth Count, labeled "Criminal Conduct," alleges that "defendants, through their acts, did violate criminal laws, including fraud, embezzlement, theft and other criminal laws." Compl. ¶36. This claim is insufficient to satisfy Plaintiffs' Rule 8 duty to put Defendants on notice of the claim filed against them such that they can adequately respond. At no time does the Complaint indicate what criminal statutes were violated or how Defendants allegedly violated them. Thus, this Court must dismiss Plaintiffs' Sixth Count pursuant to Rule 8.

### E.    Count Seven

Similarly, Plaintiffs' Count Seven ("Violation of State and Federal Consumer Laws and Regulations") fails to give Defendants adequate notice of the claim brought against them, thereby denying Defendants an opportunity to adequately answer the claim. Here, Plaintiffs have vaguely referenced Defendants' alleged violation of "state and federal consumer laws and regulations." Compl. ¶37. This reference does not establish a basis for judgment against Defendants because it fails to cite which state and/or federal consumer laws have been violated, nor does it state how they were allegedly violated. Accordingly, this Court must dismiss Count Seven of Plaintiffs' Complaint pursuant to Rule 8.

### F.    Counts Eight and Nine

Plaintiffs' Counts Eight and Nine seek relief pursuant to both federal and state RICO statutes. As to the federal RICO claim, Plaintiffs assert that Defendants "through their acts . . . received income derived directly or indirectly from a pattern of criminal racketeering activity." Compl. ¶38. Regarding the state RICO claim, Plaintiffs assert that Defendants "[t]hrough their acts, did violate the New Jersey RICO Act." Compl. ¶39. Neither of these statements put Defendants on notice such that they may effectively answer these claims. Plaintiffs fail to cite which specific sections of the RICO acts Defendants allegedly violated. Moreover, Plaintiffs did not state which of Defendants' actions allegedly violated the RICO acts. Thus, this Court must dismiss Plaintiffs' Eighth and Ninth Counts pursuant to Rule 8.

### G.    Count Ten

Plaintiffs' Tenth Count alleges two causes of action: Defendants "(1) through their acts, did tortiously interfere with the prospective economic advantages of plaintiffs;" and (2) "through their acts, did tortiously interfere with the contract rights." Compl. ¶¶40, 41. To prevail on a claim for either interference with a prospective economic advantage or tortious interference, Plaintiffs must demonstrate "(1) that [Plaintiffs] had a reasonable expectation of an economic advantage; (2) that was lost as a direct result of Defendants' malicious interference; and (3) that [they] suffered losses thereby." See M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc., 205 F. Supp. 2d 306, 320 (D.N.J. 2002) (citing Lamorte Burns & Co., Inc. v. Walters, 167 N.J. 285 (2001)). Plaintiffs fail to allege any of these elements, thereby denying Defendants an opportunity to adequately respond. Thus, this Court must dismiss Plaintiffs' Count Ten pursuant to Rule 8. In the alternative, this count

may properly be dismissed pursuant to Rule 12(b)(6).

### H.    Count Eleven

Plaintiffs' Count Eleven alleges that Defendants "committ[ed] legal fraud . . . equitable fraud . . . [and] fraudulently concealed material facts that Defendants had a duty to disclose." Compl. ¶¶ 41-44. Pursuant to Federal Rule of Civil Procedure 9(b), common law fraud must be plead with particularity. Here, Plaintiffs' Complaint lacks any specificity as to the crucial components of Plaintiffs' fraud claim such as the date, time and place of the alleged fraud or who was responsible for the fraudulent misrepresentations. Plaintiffs' broad claim that Defendants committed fraud is insufficient to withstand a motion for dismissal. See Lum, 361 F.3d at 223-24. Accordingly this Court must dismiss Count Eleven for failure to plead with specificity pursuant to Rule 9(b). In the alternative, this count may properly be dismissed pursuant to Rule 12(b)(6).

### I.    Count Twelve

Plaintiffs broadly allege that Defendants have violated the Federal Trade Commissions Act ("FTCA"), 15 U.S.C. § 41, by "engaging in unfair and deceptive acts and practices affecting commerce." Compl. ¶ 45. In Count Twelve, Plaintiffs fail to cite a section of the FTCA under which they seek to hold Defendants liable. While Plaintiffs cite Section 41, that particular section does not provide for a cause of action - it merely defines the Federal Trade Commission. Furthermore, the Complaint does not provide specifics relating to Defendants' actions that allegedly violated the FTCA. Neither this Court nor Defendants can reasonably be expected to infer which part of the statute Defendants allegedly violated. Thus, this count must be dismissed pursuant to Rule 8.

### J.    Count Thirteen

Plaintiffs allege that Defendants have violated the Lanham Trademark Act, 15 U.S.C. §§ 1051-1127, "by engaging in activities which materially affected Pinnacle Choice." Compl. ¶ 46. The Lanham Trademark Act is a lengthy statute covering multiple prohibitions and various unlawful activities. Plaintiffs' broad reference to the Lanham Act is insufficient to put Defendants on notice of the claims brought against them. Thus, this Court must dismiss this Count pursuant to Rule 8.

### K.    Count Fourteen

Plaintiffs allege that Defendants acted negligently in several aspects of their business practices; however, Plaintiffs failed to state that Defendants owed a duty of reasonable care - an essential element to a negligence claim. See Carvalho v. Toll Bros. and Developers, 143 N.J. 565, 572 (1996) (holding that whether there exists a duty to exercise reasonable care is a question of policy and consideration of many factors). Here, Plaintiffs' allegation that Defendants were "negligent" by "mishandl[ing]" certain functions that they were allegedly required to perform is insufficient to satisfy the Rule 8 pleading requirement. Moreover, Plaintiffs cannot seek relief pursuant to a tort claim where Plaintiffs' claims are governed by a contract. See Int'l Minerals and Mining Corp. v. Citicorp N. Am., 736 F. Supp. 587, 597 (D.N.J. 1990 (holding that "no cause of action sounding in tort would exist independent of the contractual remedies"). Accordingly, Count Fourteen must be dismissed pursuant to Rule 8.

### L.    Count Fifteen

Plaintiffs allege that "defendants, through their conduct, did breach the implied covenant of good faith and fair dealing with plaintiffs." Compl. ¶48. Again, Plaintiffs fail to plead in a manner that is sufficient for Defendants to respond. The facts, as indicated above, mentioned an agreement,

-8-

but fail to state the terms of the agreement or the duties of the parties pursuant to the agreement. Without these assertions, it is impossible for this Court or Defendants to discern whether Defendants owed a duty of good faith and fair dealing. Thus, this Count does not sufficiently state Plaintiffs' claim for relief such that Defendants can adequately respond. Accordingly, Count Fifteen must be dismissed pursuant to Rule 8.

### IV.   MOTION FOR RULE 11 SANCTIONS

Defendants move for sanctions on the ground that Plaintiffs acted unreasonably in filing their Complaint because the Complaint is allegedly not grounded in fact and the claims set forth therein are without legal support. "Generally, sanctions are prescribed only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." Ford Motor Co. v. Summit Motor Prods. Inc., 930 F.2d 277, 289 (3d Cir. 1991) (quoting Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988)) (internal citations omitted). This Court is vested with broad discretion in determining whether sanctions are appropriate. See Doering, 857 F.2d at 195. It is the finding of this Court that Plaintiffs' conduct is not the "exceptional circumstance" that would justify an award of sanctions.

### V.   CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss is **granted** and that Defendants' motion for sanctions is **denied**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:      July, 27  2007
Orig.:     Clerk
cc:        Counsel of Record
           The Honorable Mark Falk, U.S.M.J.
           File

## Watson, Patricia A.

| | |
|---|---|
| **From:** | njdefiling@njd.uscourts.gov |
| **Sent:** | Tuesday, July 31, 2007 2:16 PM |
| **To:** | ecfhelp@njd.uscourts.gov |
| **Subject:** | Activity in Case 2:07-cv-01379-DMC-ES PINNACLE CHOICE, INC. et al v. SILVERSTEIN et al Opinion |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* There is no charge for viewing opinions.**

### U.S. District Court

### District of New Jersey [LIVE]

### Notice of Electronic Filing

The following transaction was entered on 7/31/2007 at 2:16 PM EDT and filed on 7/31/2007
**Case Name:**          PINNACLE CHOICE, INC. et al v. SILVERSTEIN et al
**Case Number:**      2:07-cv-1379
**Filer:**
**Document Number:** 11

**Docket Text:**
OPINION. Signed by Judge Dennis M. Cavanaugh on 07/27/2007. (nr, )


**2:07-cv-1379 Notice has been electronically mailed to:**

MICHAEL FRANCIS LOMBARDI    michaell@lombardiandlombardi.com

JOHN J. PRIBISH    jpribish@saul.com, pwatson@saul.com

**2:07-cv-1379 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=7/31/2007] [FileNumber=2124292-0
] [5a1cc16aefe4108d38c6ffec3e70d91ded3528ae7302f125bc25dd503a58649e46c
dd4ae717626e1cbc72c73410f0e79a89642b6e91771a7fdd98b4c3bcceb03]]