**FOX ROTHSCHILD LLP**
Formed in the Commonwealth of Pennsylvania
By:     Alain Leibman, Esq. (AL8971)
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ  08648-2311
(609) 895-6743
Attorneys for Defendants United Labor Benefits, Inc.
and John Zanotti

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PINNACLE CHOICE, INC., a corporation organized in the State of New Jersey; PINNACLE INSURANCE SOLUTIONS, LLC, a limited liability company organized in the State of New Jersey; MICHAEL EVAN CARADIMITROPOULO, a New Jersey resident<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN SILVERSTEIN, an individual; JONATHAN SILVERSTEIN, an individual; JASON SKOLE, an individual; KEVIN RENERT, an individual; ANTHONY MATERIA, an individual; HARVEY SILVERSTEIN, an individual; JOROS SAAVODRA, an individual; RONALD LACHICA, an individual; DAVID L. LIPSKY, an individual; EVAN KATZ, an individual CHRISTOPHER SABATH, an individual; KARL TAYLOR, an individual; ERROL MILLER, an individual; HEALTHCARE PLANS, INC., a corporation; HEALTH PLAN NETWORK, INC., INSURANCE USA, a business entity; HEALTH SAVINGS NETWORK, INC., a business entity; FIRST NATIONAL, a business entity; PRIM HEALTH NETWORK, a business entity; HEALTHCARE DIRECT, a business entity; CONVERGENT HEALTH, a | Civil Action No. 07-5857 (WJM/MF)<br><br>**ANSWER, AFFIRMATIVE DEFENSES, CROSSCLAIMS FOR INDEMNIFICATION AND CONTRIBUTION, AND JURY DEMAND ON BEHALF OF DEFENDANTS UNITED LABOR BENEFITS, INC. and JOHN ZANOTTI**<br><br>*Filed Electronically* |

business entity; CAPITAL HEALTH, INC. a  
business entity; ADL  
INSURANCE/PREMIER HEALTH, a  
business entity; UNITED LABOR BENEFITS,  
INC., a corporation; JOHN ZANOTTI, an  
individual; UNITED WORKERS OF  
AMERICA, LOCAL 621; UNITED  
WORKERS OF AMERICA, LOCAL 629;  
TRACY PEREZ, an individual; JOHN DOE 1-  
10, a fictitiously named individual; ABC  
COMPANY 1-10, a fictitiously named  
business entity,  

                      Defendant(s).

---

Defendants United Labor Benefits, Inc. and John Zanotti, by way of Answer to Plaintiffs' Complaint, defendant say:

**(IDENTIFICATION OF PARTIES AND BUSINESSES)**

1. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 and leave plaintiffs to their proofs thereon, except to state that plaintiff Pinnacle Choice, Inc. was generally engaged in the business of selling and distributing medical benefits discount cards, which products are not believed to constitute medical or health insurance.

2. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 and leave plaintiffs to their proofs thereon.

3. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and leave plaintiffs to their proofs thereon.

4. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 and leave plaintiffs to their proofs thereon.

5a. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5a and leave plaintiffs to their proofs thereon, except to state that the individual defendants named in this paragraph were believed to be operating a business in Lauderhill, Florida.

5b. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5b and leave plaintiffs to their proofs thereon, except to state that the individual defendants named in this paragraph were believed to be operating a business in Lauderhill, Florida.

5c. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5c and leave plaintiffs to their proofs thereon.

6. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 and leave plaintiffs to their proofs thereon.

7. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and leave plaintiffs to their proofs thereon.

8. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 and leave plaintiffs to their proofs thereon.

9. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 and leave plaintiffs to their proofs thereon.

10. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and leave plaintiffs to their proofs thereon.

11. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 and leave plaintiffs to their proofs thereon.

12. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and leave plaintiffs to their proofs thereon.

13. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and leave plaintiffs to their proofs thereon.

14. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and leave plaintiffs to their proofs thereon.

15. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and leave plaintiffs to their proofs thereon.

16. Defendants United Labor Benefits, Inc. and John Zanotti deny the allegations set forth in paragraph 16, except to state that defendant United Labor Benefits, Inc. is a New Jersey

company located at 1373 Broad Street, Suite 300, Clifton, New Jersey, and is and was engaged in the business of, among other things, performing administrative and other services in connection with health insurance plans, and to further state that United Labor Benefits, Inc. entered into an Administrative Services Agreement with plaintiff Pinnacle Choice, Inc. in or around November 2005; they refer to the Administrative Services Agreement for the terms thereof, including the services to be provided by defendant United Labor Benefits, Inc.

17.  Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and leave plaintiffs to their proofs thereon, except to state that it is believed that a collective bargaining agreement was signed by plaintiff Pinnacle Choice, Inc. and they refer to the agreement for the terms thereof.

18.  Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 and leave plaintiffs to their proofs thereon.

### (JURISDICTION AND VENUE)

19.  Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 and leave plaintiffs to their proofs thereon.

20.  Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 and leave plaintiffs to their proofs thereon.

21.  Defendants United Labor Benefits, Inc. and John Zanotti deny that the choice of law provisions of the Administrative Services Agreement entered into between plaintiff Pinnacle

Choice, Inc. and defendant United Labor Benefits, Inc. bear upon the issues of jurisdiction or venue, but state that Article 7 of the Agreement provides that the Agreement shall be interpreted, construed, enforced, and administered in accordance with the laws of the State of New Jersey.

22. Defendants United Labor Benefits, Inc. and John Zanotti make no response to the allegations set forth in paragraph 22, as they state legal conclusions and not allegations of fact.

23. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 and leave plaintiffs to their proofs thereon.

## FIRST COUNT
### (Breach of Contract By Certain Florida Defendants)

24. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 and leave plaintiffs to their proofs thereon.

24a. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24a and leave plaintiffs to their proofs thereon.

24b. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24b and leave plaintiffs to their proofs thereon.

25. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 and leave plaintiffs to their proofs thereon.

26. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 and leave plaintiffs to their proofs thereon.

27. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 and leave plaintiffs to their proofs thereon.

28. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 and leave plaintiffs to their proofs thereon.

29. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 and leave plaintiffs to their proofs thereon.

30. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 and leave plaintiffs to their proofs thereon.

31. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 and leave plaintiffs to their proofs thereon.

32. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 and leave plaintiffs to their proofs thereon.

33. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 and leave plaintiffs to their proofs thereon.

34. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 and leave plaintiffs to their proofs thereon.

35. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 and leave plaintiffs to their proofs thereon.

36. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 and leave plaintiffs to their proofs thereon.

37. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 and leave plaintiffs to their proofs thereon.

## SECOND COUNT
### (Negligence By Certain Florida Defendants)

38. Defendants United Labor Benefits, Inc. and John Zanotti reiterate their responses to the allegations set forth in paragraphs 1 through 37 as if set forth at length herein.

39. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 which recite the alleged conduct of other parties, and leave plaintiffs to their proofs thereon; further, they

make no response to the balance of the allegations set forth in paragraph 39, as they state legal conclusions and not allegations of fact.

40. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 which recite the alleged conduct of other parties, and leave plaintiffs to their proofs thereon; further, they make no response to the balance of the allegations set forth in paragraph 40, as they state legal conclusions and not allegations of fact.

41. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 which recite the alleged conduct of other parties, and leave plaintiffs to their proofs thereon; further, they make no response to the balance of the allegations set forth in paragraph 41, as they state legal conclusions and not allegations of fact.

42. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 which recite the alleged conduct of other parties, and leave plaintiffs to their proofs thereon; further, they make no response to the balance of the allegations set forth in paragraph 42, as they state legal conclusions and not allegations of fact.

43. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 which recite the alleged conduct of other parties, and leave plaintiffs to their proofs thereon; further, they make no response to the balance of the allegations set forth in paragraph 43, as they state legal conclusions and not allegations of fact.

44. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 which recite the alleged conduct of other parties, and leave plaintiffs to their proofs thereon; further, they make no response to the balance of the allegations set forth in paragraph 44, as they state legal conclusions and not allegations of fact.

## THIRD COUNT
### (Breach Of Contract By New Jersey Defendants)

45. Defendants United Labor Benefits, Inc. and John Zanotti reiterate their responses to the allegations set forth in paragraphs 1 through 44 as if set forth at length herein.

46. Defendants United Labor Benefits, Inc. and John Zanotti deny the allegations set forth in paragraph 46, except to state that defendant United Labor Benefits, Inc. entered into an Administrative Services Agreement with plaintiff Pinnacle Choice, Inc. in or around November 2005; they refer to the Administrative Services Agreement for the terms thereof, including the services to be provided by defendant United Labor Benefits, Inc.

47. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 regarding any "contact" with plaintiff Pinnacle Choice, Inc. and leave plaintiffs to their proofs thereon, except to state that United Labor Benefits, Inc. did place one or more employees at the business premises of plaintiff Pinnacle Choice, Inc., whose duties were consistent with the obligations of United Labor Benefits, Inc. pursuant to the Administrative Services Agreement entered into with plaintiff Pinnacle Choice, Inc.

48. Defendants United Labor Benefits, Inc. and John Zanotti deny the allegations set forth in paragraph 48, except to state that defendant United Labor Benefits, Inc. entered into an

Administrative Services Agreement with plaintiff Pinnacle Choice, Inc. in or around November 2005; they refer to the Administrative Services Agreement for the terms thereof, including the services to be provided by defendant United Labor Benefits, Inc.

49. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 as to the obligations, if any, of other persons or entities and leave plaintiffs to their proofs thereon; further, they deny the balance of the allegations set forth in paragraph 49, except to state that defendant United Labor Benefits, Inc. entered into an Administrative Services Agreement with plaintiff Pinnacle Choice, Inc. in or around November 2005, and they refer to the Administrative Services Agreement for the terms thereof, including the services to be provided by defendant United Labor Benefits, Inc.

50. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 which recite the alleged conduct of other parties, and leave plaintiffs to their proofs thereon; further, they deny the balance of the allegations set forth in paragraph 50.

51. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 which recite the alleged conduct of other parties, and leave plaintiffs to their proofs thereon; further, they deny the balance of the allegations set forth in paragraph 51.

52. Defendants United Labor Benefits, Inc. and John Zanotti deny the allegations set forth in paragraph 52.

53. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 and leave plaintiffs to their proofs thereon.

## FOURTH COUNT
### (Negligence By New Jersey Defendants)

54. Defendants United Labor Benefits, Inc. and John Zanotti reiterate their responses to the allegations set forth in paragraphs 1 through 53 as if set forth at length herein.

55. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 which recite the alleged conduct of other parties, and leave plaintiffs to their proofs thereon; further, they deny the balance of the allegations set forth in paragraph 55.

56. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 which recite the alleged conduct of other parties; further, they deny the balance of the allegations set forth in paragraph 56.

## FIFTH COUNT
### (Merchant Account Reserves)

57. Defendants United Labor Benefits, Inc. and John Zanotti reiterate their responses to the allegations set forth in paragraphs 1 through 56 as if set forth at length herein.

58. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 and leave plaintiffs to their proofs thereon.

59. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 and leave plaintiffs to their proofs thereon.

60. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 and leave plaintiffs to their proofs thereon.

61. Defendants United Labor Benefits, Inc. and John Zanotti lack information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 and leave plaintiffs to their proofs thereon.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state any claim upon which relief can be granted against defendants United Labor Benefits, Inc. and John Zanotti.

2. Plaintiff Pinnacle Choice, Inc.'s claims against defendant United Labor Benefits, Inc. are barred because Article 3.2 of the Administrative Services Agreement between Pinnacle Choice, Inc. and United Labor Benefits, Inc. contains a mandatory arbitration provision encompassing "any issue arising under this Agreement."

3. The claims of Plaintiffs other than Pinnacle Choice, Inc. against defendant United Labor Benefits, Inc. are barred because there was no agreement between those Plaintiffs and defendant United Labor Benefits, Inc. for the provision of any services of any kind.

4. Plaintiffs' claims against defendant John Zanotti are barred because no Plaintiff had any agreement with John Zanotti for the provision of any services of any kind.

5. Plaintiffs' claims are barred because defendants United Labor Benefits, Inc. and John Zanotti owed no legally cognizable duty to the Plaintiffs.

6. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are barred because those defendants were named as parties-defendant in a sham effort to divest the United States District Court of diversity jurisdiction.

7. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are barred because Plaintiffs lack standing.

8. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are barred by fraud.

9. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are barred by Plaintiffs' unclean hands.

10. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are barred by the doctrine of novation.

11. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are barred by the doctrine of waiver.

12. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are barred by the applicable Statute of Limitations.

13. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are barred by the doctrine of laches.

14. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are barred by the doctrine of estoppel.

15. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are barred by a failure of consideration.

16. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are barred by the doctrine of accord and satisfaction.

17. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are barred by the doctrine of setoff.

18. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are barred by the doctrine of recoupment.

19. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are barred by the doctrine of payment.

20. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are barred by the terms of the agreement between Pinnacle Choice, Inc. and United Labor Benefits, Inc.

21. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are frivolous and made in bad faith, and Plaintiffs have persisted in those claims despite notice and an opportunity to withdraw them.

22. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are barred by reason of their own breaches of the agreement between Pinnacle Choice, Inc. and United Labor Benefits, Inc.

23. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are barred by the doctrine of release.

24. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are barred by the doctrine of res judicata.

25. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are barred by the doctrine of collateral estoppel.

26. Plaintiffs' claims against defendants United Labor Benefits, Inc. and John Zanotti are barred by the entire controversy doctrine.

27. To the extent that any damages were sustained by Plaintiffs, which is expressly denied, the said damages were caused by the acts and omissions of others, over whom defendants United Labor Benefits, Inc. and John Zanotti had no control.

WHEREFORE, defendants United Labor Benefits, Inc. and John Zanotti respectfully demand that judgment be entered in their favor and against Plaintiffs, dismissing all counts of the Complaint, and for an award of attorney's fees, costs, and such other relief that the Court deems just and proper.

## CROSSCLAIM FOR INDEMNIFICATION

1. Plaintiffs have filed a Complaint against defendants United Labor Benefits, Inc. and John Zanotti, and other defendants, alleging, inter alia, that Plaintiffs are owed certain monies.

2. Defendants United Labor Benefits, Inc. and John Zanotti deny any liability to Plaintiffs, but if it is determined that defendants United Labor Benefits, Inc. and John Zanotti are liable to Plaintiffs in any respect, such liability is secondary, passive and vicarious.

3. Any damages for which defendants United Labor Benefits, Inc. and John Zanotti may be held liable are chargeable to the other defendants (except for defendants Tracy Perez and United Workers of America, Local 629), and defendants United Labor Benefits, Inc. and John Zanotti demand indemnification from the other defendants (except for defendants Tracy Perez and United Workers of America, Local 629) pursuant to all statutory or common laws which may be applicable with respect to any and all damages which may be assessed against defendants United Labor Benefits, Inc. and John Zanotti in favor of Plaintiffs, together with costs of suit.

## CROSSCLAIM FOR CONTRIBUTION

1. Plaintiffs have filed a Complaint against defendants United Labor Benefits, Inc. and John Zanotti, and other defendants, alleging, inter alia, that Plaintiffs are owed certain monies.

2. Defendants United Labor Benefits, Inc. and John Zanotti deny any liability to Plaintiffs, but if it is determined that defendants United Labor Benefits, Inc. and John Zanotti are liable to Plaintiffs in any respect, such liability is secondary, passive and vicarious.

3. Any damages for which defendants United Labor Benefits, Inc. and John Zanotti may be held liable are chargeable to the other defendants (except for defendants Tracy Perez and United Workers of America, Local 629), and defendants United Labor Benefits, Inc. and John Zanotti demand contribution from the other defendants (except for defendants Tracy Perez and United Workers of America, Local 629) pursuant to all statutory or common laws which may be applicable with respect to any and all damages which may be assessed against defendants United Labor Benefits, Inc. and John Zanotti in favor of Plaintiffs, together with costs of suit.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I, Alain Leibman, certify under penalty of perjury that it is true and correct that the matter in controversy is not the subject of any other action or proceeding pending in this or other court or other dispute resolution forum.

## **JURY DEMAND**

Defendants United Labor Benefits, Inc. and John Zanotti hereby demand a trial by jury on all issues so triable.

                                        FOX ROTHSCHILD LLP
                                        Attorneys for Defendants United Labor
                                        Benefits, Inc. and John Zanotti

                                        By:___/s/ Alain Leibman_____
                                                 Alain Leibman, Esq. (AL8971)
                                                 Princeton Pike Corporate Center
                                                 997 Lenox Drive, Building 3
                                                 Lawrenceville, NJ 08648-2311
                                                 (609) 895-6743 (telephone)
                                                 (609) 896-1468 (fax)
                                                 aleibman@foxrothschild.com

DATED: January 15, 2008