NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

———————————————————
                                                :
                                                :
PINNACLE CHOICE, INC., PINNACLE    :
INSURANCE SOLUTIONS, LLC, and      :
MICHAEL CARADIMITROPOULO,        :
                                                :
        Plaintiffs,                             :
                                                :
                                                :
     -vs-                                       :
                                                :
STEVEN SILVERSTEIN, JONATHAN      :
SILVERSTEIN, JASON SKOLE, KEVIN   :       Hon. William J. Martini
RENERT, ANTHONY MATERIA,          :       Civil Action No. 07-5857 (WJM)
HARVEY SILVERSTEIN, JOROS          :
SAAVODRA, RONALD LACHICA,         :
ANN-MARIE LIPSKY, DAVID L.         :
LIPSKY, EVAN KATZ, CHRISTOPHER  :
SABATH, KARL TAYLOR,               :
GREGORY SHAW, ERROL MILLER,       :
HEALTHCARE PLANS, INC.,            :
HEALTH PLAN NETWORK, INC.;        :
INSURANCE, USA, HEALTH SAVINGS  :
NETWORK, INC., FIRST NATIONAL,     :
PRIM HEALTH NETWORK,               :
HEALTHCARE DIRECT,                  :
CONVERGENT HEALTH, CAPITAL        :
HEALTH, INC., ADL INSURANCE;       :       REPORT & RECOMMENDATION
UNITED LABOR BENEFITS, INC.,       :
JOHN ZANOTTI, UNITED WORKERS     :
OF AMERICA, LOCAL 621, UNITED      :
WORKERS OF AMERICA, LOCAL 629, :
TRACY PEREZ, and                     :
ABC COMPANY 1-10,                    :
                                                :
        Defendants.                           :
                                                :
———————————————————

Before the Court is the motion of plaintiffs Pinnacle Choice, Inc., Pinnacle Insurance

Solutions, LLC, and Michael Evans Caradimitropoulo to remand this case to state court.

(Docket Entry No. 8.)  Defendants Steven Silverstein, Jonathan Silverstein, Jason Skole,

Kevin Renert, Anthony Materia, Harvey Silverstein, Health Plan Network, Inc., Insurance

USA, and Health Care Plans, Inc. have opposed the motion and filed a cross-motion to

amend their notice of removal.  (Docket Entry No. 14.)  This recommendation is made

without oral argument.  Fed. R. Civ. P. 78.  For the reasons that follow, it is respectfully

recommended that this case be remanded to state court.

## BACKGROUND[1]

This action is brought by three plaintiffs against thirty-one defendants for breach of

contract, negligence, and "merchant account reserves" arising out of series of complicated

business relationships.

Plaintiff Michael Evans Caradimitropoulo, a New Jersey citizen, is a principal of

three corporate entities created to facilitate the sale of medical benefit discount plan cards:

Pinnacle Choice, Inc., ("Pinnacle Choice"); Pinnacle Insurance Solutions, LLC ("Pinnacle

Insurance"); and Pinnacle Health Solutions, LLC ("Pinnacle Health").  Plaintiff Pinnacle

Choice, a New Jersey corporation with its principal place of business in New Jersey, is

responsible for developing a discount plan for health related services and distributing

---

[1] The following facts are taken from plaintiffs' complaint and are assumed true for
purposes of this motion.  See Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d
1006, 1010 (3d Cir. 1987).

discount cards to consumers.  Plaintiff Pinnacle Insurance, a limited liability company organized in the State of New Jersey, renders licensing and professional services to Pinnacle Choice.  Pinnacle Health, a non-party, is a New Jersey limited liability company that recruits distributors for Pinnacle Choice.  Pinnacle Health is also responsible for voluntarily enrolling successfully recruited Pinnacle Choice distributors into a labor union, defendant United Workers of America, Local 621 ("Local 621"), which provides the distributors with health benefits pursuant to an agreement with Pinnacle Choice.  Local 621's provision of health benefits is accomplished through a separate agreement with defendant United Workers of America Local 629 ("Local 629") and its principal, a New Jersey resident, Tracy Perez.

Locals 621 and 629 coordinate membership status and benefit eligibility for Pinnacle Choice distributors, as well as invoice Pinnacle Choice the cost of the benefits.  Defendant United Labor Benefits, Inc. ("United Labor"), a New Jersey corporation, and its principal, John Zanotti, provide administrative services to Pinnacle Choice's operations, including verifying billing information, union eligibility, and processing claims for health insurance benefits.  These defendants—United Labor, Zanotti, Locals 621 and 629, and Perez—will be referred to as the "New Jersey Defendants."

Defendants Steven Silverstein, Jonathan Silverstein, Jason Skole, Kevin Renert, and Anthony Materia, along with Caradimitropoulo, were members of Pinnacle Health and, through an operational agreement with Pinnacle Choice, responsible for the operation and management of Pinnacle's telemarketing center in Florida.  Defendants Health Care Plans,

Inc., Health Plans Network, Inc., Insurance USA, First National, Healthcare Direct, Convergent Health, Capital Health, ADL Insurance/Premier Health, Premier Health Plans, Health Savings Network, and Premier Health Networks, were engaged by Pinnacle Choice to recruit distributors on Pinnacle Choice's behalf. Defendants Harvey Silverstein, Joros Saavodra, Errol Miller, Karl Taylor, Ronald Lachica, Ann-Marie Lipsky, David L. Lipsky, Evan Katz, Gregory Shaw, and Christopher Sabath are the corporate principals of those companies and residents of the State of Florida. These defendants are collectively referred to as the "Florida Defendants."

Through their assorted relationships, plaintiffs generate revenue primarily from two sources: sales of medical benefit discount cards to consumers by Pinnacle Choice's recruited distributors; and fees received from the individual distributors, e.g., membership dues, costs of health insurance coverage, and costs associated with other licensing and professional services.

On December 21, 2006, plaintiffs filed a complaint in New Jersey Superior Court against the Florida Defendants only. The complaint contained sixteen counts ranging from breach of contract to violations of the state and federal racketeering acts. On March 26, 2007, the Florida Defendants removed the case to this Court, where it was assigned to the Honorable Dennis M. Cavanaugh U.S.D.J. under Civil Action No. 07-1379. Thereafter, defendants filed a motion to dismiss the case in its entirety.

District Judge Cavanaugh issued an opinion and order on July 31, 2007, which dismissed certain counts of the complaint with prejudice pursuant to  Federal Rule of Civil Procedure 12(b)(6) and other counts without prejudice pursuant to Federal Rule of Civil Procedure 8.  (ECF Docket, Civil Action No. 07-1379, Entry Nos. 11-12.)

On October 15, 2007, plaintiffs filed a second complaint (the operative complaint in this case) in New Jersey state court alleging negligence, breach of contract, and merchant account reserves against the Florida and New Jersey Defendants.[2]  The gravamen of the second complaint is basically the same as the first.  That is, plaintiffs allege that they paid unnecessary health benefit premiums for distributors who had not contributed to the health plan, were ineligible, or who failed to pay processing expenses.  According to plaintiffs, the improper payments were made because of defendants' negligence and in violation of various contractual obligations.

On December 7, 2007, defendants Steven Silverstein, Johnathan Silverstein, Jason Skole, Kevin Renert, Anthony Materia, Harvey Silverstein, Health Care Plans, Inc., Health Plan Network, Inc., and Insurance USA[3] removed the case to this Court on the basis of

---

[2] The claims in this case against the Florida Defendants for breach of contract and negligence are two of the claims dismissed by District Judge Cavanaugh without prejudice in August 2007.  In addition, the Court notes that the present complaint has separate claims against the New Jersey and Florida Defendants—that is, Counts One and Two are directed toward the Florida Defendants, and Counts Three and Four are directed toward the New Jersey Defendants.

[3] Although these defendants fall within the definition of the Florida Defendants, the Court also refers to them as "defendants" throughout this Report.

diversity. Plaintiffs filed their motion to remand on January 7, 2008. Defendants thereafter filed opposition to the motion and a cross-motion to amend their notice of removal.

**Present Motions**

Plaintiffs seek to remand this case due to procedural defects in the removal petition and, if need be, a lack of diversity. Plaintiffs contend that the removal petition violates the rule that all defendants join in the notice of removal. Plaintiffs also contend that there is a lack of diversity between the parties.

In response, defendants claim they should be entitled to cure any alleged deficiency through amendment. Assuming the procedural defects can be cured, defendants claim the New Jersey Defendants have been fraudulently joined, and thus there is complete diversity. (Notice of Removal ¶ 10.)

This Court concludes that permitting defendants to amend their notice of removal would be improper. In addition, this Court finds that the New Jersey Defendants have not been fraudulently joined, and, therefore, complete diversity is lacking. For these reasons, remand is appropriate.

## ANALYSIS

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such

action is pending." 28 U.S.C. § 1441(a). To properly remove a case from state court to federal court, a notice of removal must be filed in the federal court within thirty days after receipt, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The thirty-day period for removal is mandatory and cannot be extended by the Court. See Galvanek v. AT&T, Inc., No. 07-2759, 2007 WL 3256701, at *2 (D.N.J. Nov. 5, 2007) (Wolfson, J.) (citing Balestriei v. Bell Asbestos Mines, Ltd., 544 F. Supp. 528, 529 (E.D. Pa. 1982)).

It is well-established that all defendants must join in the notice of removal—often referred to as "the rule of unanimity." Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). There are three exceptions: (1) when the non-joining defendant or defendants are unknown or nominal parties; (2) where a defendant has been fraudulently joined; or (3) when a non-resident defendant has not been served at the time of removal. See id. at 213 n.4. Assuming an exception does not apply, the rule of unanimity requires that all defendants "join in the notice of removal or give their consent within the thirty day period for the removal to be proper." New York Reg'l Rail Corp. v. Bridges, No. 06-44, 2006 WL 1722631, at *3 (D.N.J. June 30, 2006) (Cavanaugh, J.). This is so whether or not a defendant has entered an appearance prior to removal. See Brown v. Sarubbi, No. 06-1634, 2006 WL 2014227, at *3 (D.N.J. July 18, 2006) (Simandle, J.). "Failure of all defendants to join is a defect in the removal procedure . . . but is not deemed to be jurisdictional." Balazik, 44 F.3d at 213.

Motions to remand based on defects in the removal procedure must be filed within thirty days of the filing of the notice of removal.  See 28 U.S.C. § 1447(c).  On a motion to remand, the removing party bears the burden of proving that jurisdiction is proper in federal court.  Samuel-Bassett v. Kia Motors Corp., 357 F.3d 392, 396 (3d Cir. 2004).  Removal statutes are to be strictly construed against removal and all doubts are resolved in favor of remand.  Id.

Defendants' notice of removal is procedurally deficient.  Defendants' petition was filed on behalf of nine defendants, leaving approximately twenty-two defendants unaccounted for.  As the briefs on this motion reveal, at least one defendant, Gregory Shaw, was served and did not join in the removal petition at the time it was filed.[4]  Mr. Shaw was served on November 20, 2007.  (See Defs.' Opp. Ex. D.)  Defendants' removal petition was filed on December 7, 2007.  Defendants do not allege that Shaw has been fraudulently joined, and Shaw is not alleged to be an unknown or nominal party.  Likewise, Shaw did not join in the petition within thirty days following removal.[5]  This is a clear defect in the removal

---

[4] Defendants appear to claim that the remaining twenty-one non-joining defendants were not served at the time of removal or have been fraudulently joined.  The Third Circuit has indicated that when a non-joining defendant has not been served, the notice of removal should so state.  See Lewis v. Rego Corp., 757 F.2d 66, 68 (3d Cir. 1985).  Defendants' petition contains no such statement.  This is a second defect in the notice of removal, which defendants recognize and seek to correct.  (Defs.' Br. 8-9.)  Because of the Court's other conclusions, it is not necessary to address this issue further.

[5] The case was removed on December 7, 2007.  The first indication (and, in fact, only indication) to the Court that Shaw wished to join in the removal petition is through statements made in defendants' brief in opposition to remand and in support of their cross-motion, which was filed on January 22, 2008.

procedure.  Simply stated: Shaw was a served defendant who did not join in the notice of

removal and did not advise the Court of his desire to join in removal within thirty days.  As

such, defendants' removal petition is procedurally defective.  See Step Plan Services v.

Koresko, 219 Fed. Appx. 249, 250 (3d Cir. 2007) (unpublished) ("[Defendant] failed to

obtain the unanimous consent of all defendants before seeking to remove the case to federal

court.  Therefore, his removal was procedurally defective.").  If defendants are not granted

leave to amend their petition, the case should be remanded.

A notice of removal can be amended freely within the thirty day period provided for

in 28 U.S.C. § 1446(b).  See USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 205 n.13 (3d Cir.

2003).  Similarly, a party may amend its notice of removal after the thirty day period has

expired to correct defective allegations of jurisdiction.  See 28 U.S.C. § 1653. Were

defendants seeking to amend a statement of jurisdiction, the Court would likely permit the

amendment.  That is not the case, however.

The question before this Court is whether a removal petition can be amended, after

the thirty day period has expired, to correct a procedural—as opposed to a

jurisdictional—defect.  This question is an open one in the Third Circuit.  See Lewis v. Rego

Corp., 757 F.2d 66, 69 n.2 (3d Cir. 1985).

A sampling of case law reveals that the majority of courts refuse to permit an

amendment to a removal petition to correct procedural defects following the close of the

thirty day period.  See, e.g., Daniel v. Anderson County Emergency & Rescue Squad, 469

F. Supp. 2d 494, 497 (E.D. Tenn. 2007) (denying motion to amend removal petition and noting that defendants "cannot roll back the clock by attempting to amend its petition after the fact"); Dennison v. Shell Oil Co., No. 07-802, 2007 WL 4390346, at *1 (S.D. Ill. Dec. 14, 2007); Beard v. Lehman Bros. Holdings, Inc., 458 F. Supp. 2d 1314, 1321-23 (M.D. Ala. 2006); Jones v. Kremer, 28 F. Supp. 2d 1112, 1114 (D. Minn. 1998); Marshall v. Skydive Am. South, 903 F. Supp. 1067, 1070-71 (E.D. Tex. 1995); Ogletree v. Barnes, 851 F. Supp. 184, 190 (E.D. Pa. 1994) ("While a few courts have allowed non-signing defendants to submit affidavits of consent after the thirty-day period had expired, it is well settled in this district that the thirty day limitation is mandatory and the court is without authority to expand it."), adhered to on reconsideration No. 94-1278, 1994 WL 193885 (E.D. Pa. May 18, 1994); Mason v. Int'l Bus. Machs., Inc., 543 F. Supp. 444, 446 (M.D.N.C. 1982); cf. Raju v. 315 Willow Ave. Condo. Ass'n, No. 07-3743, 2008 WL 314561, at *3 (D.N.J. Jan. 28, 2008) (Sheridan, J.) (rejecting untimely consent to removal offered in opposition to remand); Bauer v. Glatzer, No. 07-4501, 2007 WL 4440213, at *2 (D.N.J. Dec. 17, 2007) (Thompson, J.) (same); Hicks v. Monaco Coach Corp., No. 06-3949, 2006 WL 3780703, *4 (D.N.J. Dec. 21, 2006) (Bumb, J.) (same); Leuzzi v. Dollar Tree Stores, Inc., No. 05-4814, 2005 WL 2972982, at *2 (E.D. Pa. Nov. 4, 2005) (same).

Conversely, a smaller number of courts have permitted procedural amendments after the expiration of the thirty day period. See, e.g., Shaw v. Dow Brands, Inc., 994 F.2d 364, 368-69 (7th Cir. 1993) (permitting amendment when issue of non-joinder was not raised until

10

the appellate stage and the party was likely nominal); Lewis v. Consol. Freightways Corp.,

No. 04-6102, 2005 WL 503317, at *3 (E.D. Pa. Feb. 28, 2005); Notte v. Sears, Roebuck &

Co., No. 91-6069, 1991 WL 275595, at *1 (E.D. Pa. Dec. 20, 1991); cf. Northern Ill. Gas Co.

v. Airco Indus. Gases, 676 F.2d 270, 273-74 (7th Cir. 1982).

In this district, the question of whether a removal petition can be amended to correct

a procedural deficiency is addressed, primarily, in three cases:  Wal-Mart Stores, Inc. v. Elec.

Ins. Co., No. 06-3132, 2007 WL 137238 (D.N.J. Jan. 18, 2007) (Kugler, J.); Brown, 2006

WL 2014227; and Michaels v. State of New Jersey, 955 F. Supp. 315, 322 (D.N.J. 1996)

(Barry, J.).[6]  These cases hold, generally speaking, that a court has discretion to permit the

amendment of a notice of removal after the thirty day period in the interests of justice or

judicial economy.  See Michaels, 955 F. Supp. at 322; Wal-Mart, 2007 WL 137238, at *3;

Brown, 2006 WL 2014227, at *3.  Despite this discretion, as noted by then District Judge and

now Circuit Judge Barry in Michaels, permission to amend is unlikely absent "extraordinary

circumstances." 955 F. Supp. at 322.  Here, no such circumstances are alleged nor proven.

Nor can it be claimed that judicial economy or the interests of justice are furthered by

proceeding on in this Court.

Defendants offer, essentially, one compound argument in support of their request to

amend—that is, they were not aware that Shaw had been served and "have only recently

discovered the status of all non-resident defendants." (Defs. Br. 9.)   However, it is

---

[6] The Court notes that defendants do not cite to or rely on these cases.

defendants' burden to ensure that all served defendants have consented to removal. See Aqua-Gulf Transp., Inc. v. Twin County Transp., No. 06-1952, 2006 WL 3591291, at *4 (D.N.J. Dec. 11, 2006) (Linares, J.) (noting that defendant was responsible for obtaining consent from served co-defendant, even though party had not entered an appearance and proof of service had not been filed); Hicks, 2006 WL 3780703, at *3 (rejecting argument that a defendant is only required to obtain consent from "co-defendants they knew, or should have known through the exercise of reasonable diligence had been served"); Leuzzi, 2005 WL 2972982, at *2 ("[Plaintiffs] were not responsible for facilitating any contact between the defendants.  The burden of removing a case to federal court rests solely on the defendants.").

Moreover, the lack of exceptional circumstances supporting an amendment is clear. This case is new.  The parties have not conducted discovery.  There has been no activity in this case other than filing of motions, including this one and two dispositive motions (which remain pending).  In addition, defendants and Shaw are involved in the same general business arrangement, providing ample opportunity to communicate with each other prior to removal.  Finally, defendants fail to assert that there exist exceptional circumstances warranting an amendment.

In sum, defendants have failed to demonstrate that exceptional circumstances exist. Defendants also fail to show that judicial economy or the interests of justice support proceeding in this Court.  The failure of all defendants to join in the removal petition is a "substantial defect in the removal proceedings."  Mason, 543 F. Supp. at 446.  There is

simply no valid basis for an amendment, let alone a compelling one.  Defendants' motion to

amend the notice of removal should be denied, and the case should be remanded.

Although the lack of unanimity is dispositive of the remand issue, there is a second,

independent basis to remand this case; namely, a lack of federal jurisdiction.  The Court

addresses this issue below.

**Federal Jurisdiction**

No one disputes that plaintiffs are citizens of the State of New Jersey or that the New

Jersey Defendants are also citizens of the State of New Jersey.  As such, on the face of the

complaint, there is a lack of federal diversity jurisdiction.  See Wis. Dep't of Corr. v.

Schacht, 524 U.S. 381, 389 (1994) (stating that federal diversity jurisdiction is present "only

if there is no plaintiff and no defendant who are citizens of the same state"); see also Grand

Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d

Cir. 2003).

Because the parties are not completely diverse, defendants can remain in federal court

only if they can establish that the New Jersey Defendants were fraudulently joined to destroy

diversity.  Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992); Abels v. State

Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985).  This task is not easy; indeed, it comes

with a "heavy burden of persuasion."  Batoff, 977 F.2d at 851 (quotation omitted).

A court assumes as true all factual allegations of the complaint, Steel Valley Auth.,

809 F.2d at 1010, and deems joinder fraudulent only when "there is no reasonable basis in

13

fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Batoff, 977 F.2d at 851.  For a claim not to be colorable, "it must be wholly insubstantial and frivolous."  Id. at 852.

In conducting its analysis, a court is not limited to the pleadings; rather, it may look beyond the pleadings "to identify indicia of fraudulent joinder." In re Briscoe, 448 F.3d 201, 219 (3d Cir. 2006).  In so doing, "a district court must not step 'from the threshold jurisdictional issue into a decision on the merits'" Id. (quoting Boyer v. Snap-on Tools Corp., 913 F.3d 108, 112 (3d Cir. 1990)).  Therefore, although a court may pierce the pleadings in ascertaining whether joinder is fraudulent, it must be mindful that "the inquiry into the validity of the complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder." Batoff, 977 F.2d at 852.  Ultimately, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Boyer, 913 F.2d at 111 (quotation omitted).

In this case, plaintiffs bring claims against the New Jersey Defendants for breach of contract and negligence.  A breach of contract claim under New Jersey law requires: (1) a valid contract; (2) a failure to perform obligations under that contract; (3) damages flowing therefrom; and (4) that plaintiff performed its contractual obligations. Hutchinson v. Dela

14

Sav. Bank FSB, 410 F. Supp. 2d 374, 385 n.21 (D.N.J. 2006) (Irenas, J.).  A negligence

cause of action requires: (1) a duty of care owed by the defendant to a plaintiff; (2) a breach

of that duty; and (3) an injury proximately caused by that breach.  Id.  In order to establish

fraudulent joinder, defendants must establish that there is no reasonable basis for both claims

against the New Jersey Defendants, i.e., the claims are frivolous.  The existence of a single

valid cause of action against the New Jersey Defendants defeats an assertion of fraudulent

joinder, and thus diversity.  See Kenia v. Nationwide Mut. Ins. Co., No. 07-1067, 2008 WL

220421, at *5, 8 (E.D. Pa. Jan. 25, 2008).

Defendants argue that plaintiffs have simply redrafted their first complaint—the

complaint directed toward the Florida Defendants only and dismissed by District Judge

Cavanaugh—to include the New Jersey Defendants.  Defendants further argue that the claims

are not drafted with sufficient specificity and, therefore, are not colorable.  These arguments

fail to persuade.

Plaintiffs' complaint contains allegations sufficient to preclude defendants from

meeting their heavy burden.  As it relates to the breach of contract claim, plaintiffs allege:

the existence of two contracts;  that the New Jersey Defendants failed to perform under these

contracts; that plaintiffs were damaged as a result; and that plaintiffs performed their

obligations under the contract. (Compl. ¶¶ 16, 18, 46, 50, 52-53.)  As it relates to the claim

for negligence, plaintiffs allege the New Jersey Defendants failed to verify active paying

membership status and failed to terminate health benefits for non-contributing distributors

and that, as a result of this breach, defendants have been financially damaged. (Compl. ¶¶

55-56.) While these claims may not be pleaded with specificity sufficient to withstand a

motion to dismiss, that is not the standard applied here. See Kenia, 2008 WL 220421, at *8.

Fraudulent joinder is about frivolousness. It must be impossible for a state court to

find that a plaintiff has stated a valid cause of action. Boyer, 913 F.3d at 111. This case is

not like In re Briscoe, where the claims were clearly barred by the applicable statute of

limitations. See 448 F.3d at 223-24. Here, defendants argue that the complaint has not been

pleaded with adequate specificity, that is, essentially, it would fail to survive a motion to

dismiss. (Defs.' Br. 15-16.) This argument would have the Court take a micro-view of the

pleadings, parsing the complaint to determine whether a claim is pleaded with detailed

specificity. Such an inquiry, in this Court's opinion, is excessive in the context of fraudulent

joinder, especially when the jurisprudence in this Circuit related to pleading standards is still

developing. See Wilkerson v. New Media Tech. Charter Sch., — F.3d — , 2008 WL

942677, at *4 (3d Cir. Apr. 9, 2008) (precedential opinion); Phillips v. County of Allegheny,

515 F.3d 224, 230-35 (3d Cir. 2008). Even if such a searching inquiry was mandated,

defendants have not met their heavy burden of showing that the allegations in plaintiffs'

complaint are deficient. Plaintiffs generally allege the essential elements of claims for breach

of contract and negligence under New Jersey law. Finally, the Court notes that plaintiffs'

decision to sue the New Jersey Defendants in the second incarnation of this case (and not the

first) is of little import unless the claims against those parties are themselves wholly

insubstantial.  Based on the allegations pleaded, the Court cannot find that the claims are entirely frivolous.

In sum, the Court concludes that the New Jersey Defendants have not been fraudulently joined.  Because the parties do not contend there is any other basis for federal jurisdiction, the case should be remanded.

**Plaintiffs' Request for Attorneys' Fees & Costs**

28 U.S.C. § 1447(c) provides that an "order remanding the case may require the payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." Although the Court has "broad discretion" in determining whether to award fees, Mints v. Educ. Testing Services, 99 F.3d 1253, 1260 (3d Cir. 1996), an award is generally improper unless "the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Here, plaintiff claims that removal was improper because there is a clear lack of diversity.  Although the Court ultimately agrees that diversity is lacking, the circumstances are not so clear that it warrants an award of costs.  Defendants arguments based on the sufficiency of plaintiffs' complaint and this case's procedural history are certainly sufficient to constitute a "reasonable basis" for seeking removal.  Likewise, a procedural mistake will rarely warrant an award of costs. See Bauer, 2007 WL 4440213, at *3 ("The basis for Defendant['s] . . . removal to the Court is not rendered unreasonable simply because Defendant . . . did not comply with the procedural requirements of 28 U.S.C. § 1446(b).").

17

As such, the Court declines to recommend and award of costs and fees.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that plaintiffs' motion to

remand be **granted** and defendants' cross-motion be **denied**.


Dated: May 6, 2008


                                   /s/ Mark Falk
                                  **MARK FALK**
                                  **United States Magistrate Judge**

Orig.:  Clerk of the Court
cc:     Hon. William J. Martini, U.S.D.J.
        All Parties
        File